Kenneth L. RORIE d/b/a
Kentex, Appellant,

v.

James R. GOODWIN and Wife, Linda B. Goodwin, Appellees.

No. 12–04–00006–CV.

Court of Appeals of Texas,
Tyler.

July 29, 2005.

Tom D. Rorie, for appellant.

Celia S. Flowers, Cooper, Flowers, Fraser & Derryberry, L.L.P., Tyler, Michael W. Janecek, for appellees.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## *OPINION*

JAMES T. WORTHEN, Chief Justice.

Kenneth L. Rorie d/b/a Kentex ("Rorie") appeals the trial court's denial of his motion for new trial following a summary judgment granted in favor of James R. Goodwin and wife, Linda B. Goodwin ("Goodwins"). In four issues, Rorie contends that the summary judgment was improperly granted by the trial court. We reverse and remand.

### *B*ACKGROUND

Rorie filed a suit for declaratory judgment against the Goodwins seeking to establish priority of his real estate lien vis-a-vis their lien on the same land. After filing their first Original Answer, the Goodwins filed an Evidentiary Motion for Summary Judgment and No–Evidence Motion for Summary Judgment. Ten days later, on August 7, 2003, the Goodwins filed an Amended Evidentiary Motion For Summary Judgment and Amended No–Evidence Motion For Summary Judgment. With the exception of the word "Amended"

in the title, the only change in this new motion was the addition of paragraph seven, which read as follows:

## VII.

### DATE OF SUBMISSION

7.1 **This Motion for Summary Judgment shall carry a date of submission of August 7, 2003, at [sic] and the Court will consider this Motion by way of a hearing on or after September 6, 2003.** (Emphasis added.)

Rorie did not file a response. On September 15, 2003, the trial court, after "finding that Plaintiff failed to respond to said motion," entered its order granting summary judgment.

Following the granting of the motion for summary judgment, Rorie filed a motion for new trial. In his motion, he showed that although the Goodwins' amended summary judgment motion had stated that the submission date was August 7, this was, in actuality, only the date of its filing. Rorie also contended that the Goodwins' amended motion violated rule 2.3 of the local Smith County Rules of Civil Trial, which stated as follows:

2.3 *Submission.* **Motions shall state a date of submission at which time the Motion will be considered without a hearing, unless both a request for oral argument and a response are filed.** The movant shall select the date of submission which shall be no sooner than the Monday following fifteen (15) days from date of filing, except on leave of Court. The motion will be submitted to the Court for ruling on that date or later.

Submission date on motions for summary judgment shall be no sooner than the expiration of thirty (30) days

from the date of filing of the motion for summary judgment. **A response, if any, to a motion for summary judgment shall be filed and served seven (7) days before the submission date pursuant to *Tex. R. Civ. Proc. Rule 166a.*** However, the Court will *not* actually hear oral argument on a motion for summary judgment unless (i) properly requested pursuant to Local Rule 2.7., and (ii) the Court determines that oral argument will substantially aid the Court in ruling on the motion for summary judgment. Counsel are encouraged to include citations and copies of any cases believed to be controlling as part of the motion or response. (Emphasis added.)

Rorie argued that the Goodwins' amended motion did not state a specific date of submission or hearing and that this failure also violated Texas Rule of Civil Procedure 166a. After a hearing, the trial court denied Rorie's motion. This appeal followed.

### APPLICABLE LAW

In his first issue, Rorie contends that the trial court erred in denying his motion for new trial because the notice provided by the Goodwins did not advise him that their motion would be heard by submission, rather than an actual oral hearing. In his second issue, he argues that the trial court erred in denying his motion for new trial because there was no notice of a specific submission date in compliance with the local rules of Smith County. In his third issue, Rorie contends that his motion for new trial was denied in error because the local rules of Smith County do not provide that submission of a motion for summary judgment is automatic after thirty days. In his fourth issue, Rorie argues that the trial court erred in denying his motion for new trial because the Goodwins

placed a submission date in their amended motion that did not comply with the local rules of Smith County. We will consider these four issues together.

 Determining whether to grant or deny a motion for new trial on a summary judgment is a matter that falls within the sound discretion of the trial judge. *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 10 (Tex.App.-Dallas 1994, no writ). The trial judge does not have unbridled discretion to decide a motion for new trial in a summary judgment case, but instead must rely upon guiding rules and principles to reach his decision. *Id.*

 The right to summary judgment exists only in compliance with Texas Rule of Civil Procedure 166a. *Tanksley v. Citi-Capital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex.App.-Dallas 2004, pet. denied). The movant must comply with all of the requirements of the rule, and proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment. *Id.* Summary judgment is a harsh remedy. *Id.* Reviewing courts will strictly construe summary judgment in procedural and substantive matters against the movant. *Id.*

 A trial court must give notice of the submission date for a motion for summary judgment because this date determines the date the nonmovant's response is due. *Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 332 (Tex.App.-Corpus Christi 2003, pet. denied) (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex.1998)). The date of submission has the same meaning as the day of hearing under Texas Rule of Civil Procedure 166a(c). *See Martin*, 989 S.W.2d at 359. Notice of hearing or submission of a summary judgment motion is required. *Id.* Without notice of hearing or submission date, the nonmovant cannot know when the response is due. *Id.*[1]

### APPLICATION OF LAW TO FACTS

 Rule 2.3 of the local rules of Smith County states that the court "will *not* actually hear oral argument on a motion for summary judgment unless (i) properly requested pursuant to Local Rule 2.7, and (ii) the Court determines that oral argument will substantially aid the Court in ruling on the motion for summary judgment." Local rule 2.7 states that a motion "shall include a request for oral argument, if desired, in the requesting party's motion." Unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *See Martin*, 989 S.W.2d at 359. In this case, the Goodwins asked that their motion be set for "hearing" after September 7, 2003, but did not specifically request "oral argument." Assuming *arguendo* that a request for hearing includes a request for oral argument, the plain language of rule 2.3 indicates that oral argument is not automatically granted upon request. Therefore, the Goodwins' request for a "hearing" could not properly be considered as a representation that their motion for summary judgment would be submitted by oral argument.

 The Goodwins' failure to provide Rorie with a specific submission or hearing date is more problematic. The Goodwins

---

1. The supreme court in *Martin* stated that failure to give notice of the submission or hearing date was not jurisdictional and therefore could be rendered harmless when the trial court considers the nonmovant's response and reconfirms its ruling. *Martin*, 989 S.W.2d at 359. However, since Rorie never filed a response, this rule is inapplicable in the instant case.

appeared to leave it to the court to set the submission or hearing date. Under the local rules, the Goodwins had a duty to state a specific date of submission in their motion. Nothing in the record before us indicates that the Goodwins ever took any steps after filing the amended motion with its indefinite language to notify Rorie of a specific submission or hearing date. As a result, no deadline for Rorie to file a response to the Goodwins' amended summary judgment motion was ever established. Without establishing a specific submission or hearing date, the trial court could not enter a summary judgment that complied with either the local rules of Smith County or Texas Rule of Civil Procedure 166a(c). *See Aguirre,* 111 S.W.3d at 332.

### FAILURE TO SHOW A MERITORIOUS DEFENSE

 The Goodwins contend that even if the notice in their amended motion was faulty because it did not establish a specific submission or hearing date, Rorie's motion for new trial must fail because he did not establish a meritorious defense as required in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). We disagree.

 "An elementary and fundamental requirement of due process in any proceeding that is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections thereto." *Mosser,* 893 S.W.2d at 12 (citing *Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 898–99, 99 L.Ed.2d 75 (1988)). Failure to give proper notice violates the most rudimentary demands of due process of law. *Id.* Thus, a party who has been denied due process of law through lack of notice of a summary judgment hearing is not required to meet the remaining *Craddock* requirements to be entitled to a new trial. *Id.* When the record indicates that a party does not have the required notice of a summary judgment hearing, there is no requirement that he present a meritorious defense as a condition to his motion for new trial being granted. *See Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988). We conclude that the Goodwins did not provide Rorie with the specific submission or hearing dates for their amended motion for summary judgment and therefore they did not comply with either the requirements of Texas Rule of Civil Procedure 166a(c) or rule 2.3 of the local Smith County Rules of Civil Trial. Accordingly, Rorie's second, third, and fourth issues are sustained. However, his first issue is overruled.

### CONCLUSION

Because we have sustained Rorie's second, third, and fourth issues, we *reverse* the trial court's judgment and *remand* the case for proceedings consistent with this opinion.