Reversed and Remanded and Memorandum Opinion filed May 19, 2009








Reversed
and Remanded and Memorandum Opinion filed May 19, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00627-CV

_______________

 

SAMUEL HARDEN, M.D., Appellant

 

V.

 

EAST TEXAS MEDICAL CENTER HEALTH CARE ASSOCIATES, Appellee

 

                                                                                                                                               


On Appeal from County Court at Law No. 1

Smith County, Texas

Trial Court Cause No. 53,525

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

This appeal is from a summary judgment
in favor of the plaintiff in a breach-of-contract action.  In four issues,
appellant/defendant claims the trial court abused its discretion in failing to
grant a new trial and erred in granting summary judgment for
appellee/plaintiff.  We reverse and remand.

 








I. 
Background

Appellee/plaintiff East Texas Medical
Center Health Care Associates (AETMC@) sued appellant/defendant Samuel J. Harden, M.D. for breach
of contract. Harden filed a pro se general denial.  ETMC filed a traditional
motion for summary judgment.  In this motion=s certificate of service, ETMC stated
that it served the motion on Harden at an address different from his last known
address, contained in Harden=s answer.  Harden did not respond to the motion and the trial
court granted summary judgment.

Harden timely filed a motion for new
trial claiming summary judgment was improper because he never received ETMC=s motion for summary judgment or
notice of hearing.  In his affidavit in support of the motion Harden avers:

A summary judgment against me was signed by the Court
on March 7, 2008.  I did not know that a Motion for Summary Judgment had been
filed until after the summary judgment had been granted.

. . . I never
received a copy of Plaintiff=s Motion for Summary Judgment.  In addition, I never received
notice of a hearing on Plaintiff=s Motion for Summary Judgment or a
notice of submission.  Had I received a copy of Plaintiff=s Motion for Summary Judgment, I
would  have filed a response.  My failure to file a response to Plaintiff=s Motion for Summary Judgment was not
intentional nor the result of conscious indifference.  Since I never received a
copy of the Motion for Summary Judgment or a notice of hearing or submission, I
did not have an opportunity to respond, ask for a continuance or obtain
permission to file a late response.

In response to Harden=s motion for new trial, ETMC did not
present any sworn testimony.  However, ETMC did present unsworn copies of two
envelopes that its attorney said had been sent by certified mail, return
receipt requested.  The first envelope gave no indication why it was returned. 
The second envelope appears to have been sent to the address shown in Harden=s answer.  The second envelope was
stamped Aunclaimed;@ however, ETMC did not attach a
certified-mail-receipt card or any other proof that the envelope was sent by
certified mail with prepaid postage.  ETMC claimed Harden was Adodging service.@  The trial court denied Harden=s motion for new trial.








Harden filed a reply to ETMC=s response, apparently unaware the
trial court already had denied his motion for new trial.  He then filed a
motion for reconsideration with a supplemental affidavit in which he asserted
the first envelope was sent to an address at which he had not lived since March
2005.  Regarding the second envelope, Harden testified that, during the
two-week period during which ETMC=s counsel claimed the post office was
trying to deliver the second envelope, Harden was in California with his wife
and family. In the affidavit, Harden testified that, because he and his family
were in California during this period, he never received notice that there was
any letter for him to claim.

II.  Issues
And Analysis

In his first appellate issue, Harden
argues the trial court abused its discretion by not granting a new trial based
on his proof that he never received notice of the motion for summary judgment
or the submission of that motion.  ETMC did not file an appellate brief.[1]








We review a trial
court=s denial of a
motion for new trial for abuse of discretion.  Dir., State Employees Workers= Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994).  An abuse of discretion occurs when a court acts in an
arbitrary or unreasonable manner, or without reference to guiding rules and
principles.  Downer v. Aquamarine Operators, 701 S.W.2d 238, 241B42 (Tex. 1985).  A trial court=s discretion, however, is Anot unbridled.@  Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. 1939).  If the movant=s allegations are uncontroverted and
meet the test of the Craddock requirements, the court is compelled to
grant the motion.  State Farm Life Ins. Co. v. Mosharaf, 794 S.W.2d 578,
582 (Tex. App.CHouston [1st.Dist.] 1990, writ denied).  Craddock applies when a
summary-judgment non-movant does not receive notice of the submission of the
summary-judgment motion until after the submission date.  See Carpenter v.
Cimmarron Hydrocarbons Corp., 98 S.W.3d 682, 686 (Tex. 2002) (holding that Craddock
does not apply in cases in which summary judgment is granted against party who
received notice at or before the submission or oral hearing on the motion but
declining to address whether Craddock applies when a summary-judgment
non-movant does not receive notice of the submission of the summary-judgment
motion until after the submission date); Rorie v. Goodwin, 171 S.W.3d
579, 584 (Tex. App.CTyler 2005, no pet.) (applying Craddock in
summary-judgment context).[2]  Under Craddock,
the judgment should be set aside when the defendant shows (1) his failure to
reply to the motion for summary judgment was not intentional or the result of
conscious indifference but was due to an accident or mistake; (2) he had a
meritorious defense;  and (3) a new trial would cause no delay or injury to the
plaintiff.  See Craddock, 133 S.W.2d at 126.

As to the first
requirement, the record reflects there was no evidence before the trial court
to controvert Harden=s sworn affidavit that he never received
notice of the submission date for the summary-judgment motion.  ETMC=s response does
not prove that it properly served the notice of submission and the summary
judgment motion on Harden.  Though ETMC attached two envelopes, the first
envelope was not sent to Harden=s Alast known
address.@  See Tex. R. Civ. P. 21a. As to the second
envelope, ETMC did not present any proof that this envelope was served by delivering it to Harden (1) in
person, (2) by agent, (3) by courier-receipted delivery, or (4) by certified or
registered mail with prepaid postage.  See Tex. R. Civ. P. 21a; Ashworth v. Brzoska, 274 S.W.3d
324, 330 (Tex. App.CHouston [14th Dist.] 2008, no pet.). Although ETMC
argued that Harden was Adodging service,@ it offered no
evidence in support of its claim.  We conclude Harden satisfied Craddock=s first element.








Once Harden
established by his uncontroverted affidavits he had not received the required
notice, he was relieved from further responsibility of complying with the Craddock
requirements.  See Rabie v. Sonitrol of Houston, Inc., 982 S.W.2d 194,
197-98 (Tex. AppC  Houston [1st Dist.] 1998, no pet.). 
Accordingly, we sustain Harden=s first issue.  Because none of Harden=s remaining issues
would afford greater relief if sustained, we do not address them.

III.  Conclusion

We hold the trial court abused its
discretion in failing to grant Harden a new trial and in failing to set aside the
summary judgment.  Accordingly, we reverse the judgment of the trial court and
remand for further proceedings consistent with this opinion.

 

 

 

/s/        Kem Thompson Frost

Justice

 

Panel consists of Justices Frost,
Brown, and Boyce.









[1]           ETMC advised this court by letter, that it
agreed to granting Harden a new trial.

 





[2]           This appeal was transferred to the
Fourteenth Court of Appeals from the Twelfth Court of Appeals.  Because this
appeal is governed by precedent from the Twelfth Court of Appeals, to the
extent that court=s precedent differs from this court=s precedent, we cite this case from the Twelfth Court
of Appeals, though we are not stating that the precedent of these two appellate
courts differs on this point.  See
Tex. R. App. P. 41.3.