NO









NO. 12-08-00458-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ROBERT L. CLARK,

APPELLANT                                                     '     APPEAL
FROM THE 241ST

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE CITY OF TYLER, GARY
SWINDLE,

FRANK BREWER, DESTRY 

WALSWORTH, BILL GOECKING, 

MICHAEL MALONE, DARRELL                   '     SMITH
COUNTY, TEXAS

GARDNER, TOMMY WHITWORTH,

JOHN BROWN, JEFF RACKLIFF, 

AND JOHN RAGLAND

APPELLEES

 





MEMORANDUM
OPINION

            Robert
L. Clark appeals the trial court’s summary judgment entered in favor of the
City of Tyler, Police Chief Gary Swindle, and Officers Frank Brewer, Destry
Walsworth, Bill Goecking, Michael Malone, Darrell Gardner, Tommy Whitworth,
John Brown, Jeff Rackliff, and John Ragland (collectively “Appellees”).[1] 
Clark raises ten issues on appeal.  We affirm.

 

Background 

            On
May 22, 2006, Clark filed suit against Appellees alleging sixteen causes of
action arising from the revocation of his community supervision.  On August 21,
2008, Appellees filed both no evidence and traditional motions for summary
judgment.  Pursuant to local rule, both motions contained notice that the
submission date for the motions was September 22, 2008.  

In
response, Clark filed a motion to recuse  Judge Jack Skeen as the trial judge
in the case.  The sole ground alleged in Clark’s recusal motion was that Judge
Skeen was “partial and/or bias [sic] in this case” due to his “close and/or
working relationship with the defendant(s),” resulting from his former position
as the district attorney of Smith County, Texas.  Judge Skeen entered an order
stating the reasons why he would not recuse himself and referred the motion to Judge
John Ovard, the regional presiding judge of the First Administrative Judicial
Region of Texas.  Judge Ovard, without a hearing, signed an order dated October
1, 2008, denying Clark’s motion to recuse.  

On
October 2, 2008, Clark filed his first amended petition.  On October 15, 2008, Judge
Skeen entered orders granting Appellees’ no evidence and traditional motions
for summary judgment and a final judgment dismissing Clark’s suit.  On October
17, 2008, Clark filed a request for leave to respond to the two motions for
summary judgment.  On October 29, 2008, Clark filed a motion for new trial,
which was denied by operation of law.  Clark timely filed this appeal.

 

Summary Judgment 

In
his fourth issue, Clark argues that the trial court erred in granting Appellees’
no evidence motion for summary judgment.  In his fifth issue, Clark contends
that the trial court erred in granting Appellees’ traditional motion for summary
judgment.[2] 
In his seventh issue, Clark argues that both Appellees’ traditional and no
evidence motions are insufficient as a matter of law as a result of his filing
his First Amended Petition.[3]

Standard of Review

Because
the grant of a summary judgment is a question of law, we review the trial
court’s summary judgment decision de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  A no evidence motion for summary
judgment must be granted if, after an adequate time for discovery, (1) the
moving party asserts that there is no evidence of one or more essential
elements of a claim or defense on which the adverse party would have the burden
of proof at trial, and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements.  See Tex. R. Civ. P. 166(a)(i); Priddy
v. Rawson, 282 S.W.3d 588, 593 (Tex. App.–Houston [14th
Dist.] 2009, pet. denied).  A genuine issue of material fact exists if more
than a scintilla of evidence establishing the existence of the challenged
element is produced.  Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).  Less than a scintilla of evidence exists when the
evidence is so weak as to do no more than create a mere surmise or suspicion of
a fact.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).  More than a scintilla of evidence exists when the
evidence rises to a level that would enable reasonable and fair minded people
to differ in their conclusions.  Id.  

To
be entitled to a traditional summary judgment, a defendant must conclusively
negate at least one essential element of each of the plaintiff’s causes of
action or conclusively establish each element of an affirmative defense.  Priddy,
282 S.W.3d at 592.  When reviewing a summary judgment, we “must examine
the entire record in the light most favorable to the nonmovant, indulging every
reasonable inference and resolving any doubts against the motion.”  City
of Keller v. Wilson, 168 S.W.3d 802, 824–25 (Tex. 2005). 
When a trial court’s order granting summary judgment does not specify the
ground or grounds relied on for the ruling, summary judgment will be affirmed
on appeal if any of the theories advanced are meritorious.  State Farm
Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993).  When, as here, the trial court grants both the no evidence and
traditional motions for summary judgment, we first review the grant of the no
evidence summary judgment.  Ridgway, 135 S.W.3d at 600.

Failure to Respond to No Evidence Motion for Summary Judgment

In
their no evidence motion for summary judgment, Appellees alleged that Clark (1)
failed to state a claim for which the City’s governmental immunity had been
waived and (2) failed to assert a state claim against the officers.  Clark did
not file a response to Appellees’ no evidence motion until October 17, two days
after the court entered the order granting their no evidence motion and
entering a final judgment dismissing Clark’s claims against Appellees.[4] 


            Texas Rule of Civil Procedure 166a(c) provides as
follows: 

 

The motion for summary judgment shall state the
specific grounds therefor.  Except on leave of court with notice to opposing
counsel, the motion and any supporting affidavits shall be filed and served at
least twenty-one days before the time specified for hearing.  Except on leave
of court, the adverse party, not later than seven days prior to the date of
hearing may file and serve opposing affidavits or other written response.  

 

Tex. R. Civ. P. 166a(c).  “Summary
judgment evidence may be filed late, but only with leave of court.”  Benchmark
Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996).  The
date of submission has the same meaning as the day of hearing under Texas Rule
of Civil Procedure 166a(c).  Rorie v. Goodwin, 171 S.W.3d 579, 583
(Tex. App.–Tyler 2005, no pet.) (citing Martin v. Martin, Martin &
Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998)).  We do not consider
an amended pleading filed without the court’s permission after the summary
judgment hearing.  Mensa-Wilmot v. Smith Intern., Inc., 312
S.W.3d 771, 779 (Tex. App.–Houston [1st Dist.] 2009, no pet.).

As
a result, we cannot consider Clark’s response to Appellees’ no evidence motion. 
With regard to the first amended petition filed on October 2 that is the basis
for Clark’s seventh issue, we note that an amendment that is not timely and not
allowed by the trial court does not supersede the prior petition.  See id.
at 779­–80.  Thus, Appellees were not required to amend or supplement their
motions to address this claim.  See id.  Because Clark did
not timely produce summary judgment evidence raising a genuine issue of
material fact, we hold that the trial court properly granted Appellees’ no
evidence motion for summary judgment.  See Tex. R. Civ. P. 166a(i) (trial court must grant no evidence
motion for summary judgment unless respondent produces summary judgment
evidence raising a genuine issue of material fact).  Clark’s fourth issue is
overruled in part.  Clark’s seventh issue is overruled with regard to his no
evidence motion for summary judgment.[5]

 

Motion
to Recuse 

                        In his first and third issues, Clark contends
that the trial judge took actions that were improper because there had been no
hearing on his motion to recuse.  In his second issue, Clark argues that the
presiding judge abused his discretion by denying his motion to recuse without
holding a hearing.  In his ninth issue, Clark contends that the presiding judge
did not have his trial court’s file before him when making his ruling on his
motion to recuse.  

The
Texas Rules of Civil Procedure provide that a judge shall recuse himself in any
proceeding in which “his impartiality might reasonably be questioned.” Tex. R. Civ. P. 18b(2)(a); Woodruff
v. Wright, 51 S.W.3d 727, 735–36 (Tex. App.–Texarkana 2001, pet.
denied).  We review the denial of a motion to recuse for abuse of discretion.  See
Tex. R. Civ. P. 18a(f); Vickery
v. Vickery, 999 S.W.2d 342, 349 (Tex. 1999) (op. on reh’g); Woodruff,
51 S.W.3d at 736.  The test for abuse of discretion is not whether in the opinion
of the reviewing court the facts present an appropriate case for the trial
court’s action; rather, it is a question of whether the court acted without
reference to any guiding rules or principles.  Id.  The mere fact
that a trial court may decide a matter within its discretionary authority in a
different manner than an appellate judge does not demonstrate such an abuse.  Id. 


In
Clark’s motion to recuse, he contended that the trial judge had developed a
close working relationship with Appellees during the time he was the District
Attorney for Smith County.  Rule 18b(2)(a) states that “[a] judge shall recuse
himself in any proceeding in which his impartiality might reasonably be
questioned.”  Tex. R. Civ. P.
18b(2)(a).  Clark’s basis for recusal is not valid.  Cf. Keene Corp. v.
Rogers, 863 S.W.2d 168, 172 (Tex. App.–Texarkana 1993, no writ)
(trial judge not required to recuse self when his son-in-law was a salaried
associate of firm representing party to suit and who had neither financial
interest in firm or direct financial interest in outcome of case); cf. also
Liteky v. U.S., 510 U.S. 540, 542, 554–56, 114 S. Ct. 1147, 1151,
1157, 127 L. Ed. 2d 474 (1994); Hathorne v. State, 459 S.W.2d
826, 829 (Tex. Crim. App. 1970) (fact that trial judge personally prosecuted
appellant in past cases does not disqualify him from presiding over trial where
new offense is charged).[6] 
Therefore, even assuming the trial judge in the instant case had worked with Appellees
on previous criminal cases, this working relationship alone is not a ground for
recusal.  

Rule
18a’s mandate that a hearing be held on a motion to recuse is not triggered
unless the recusal motion states valid grounds for disqualification.  See
Texaco, Inc. v. Pennzoil, Co., 729 S.W.2d 768, 855 (Tex. App.–Houston
[1st Dist.] 1987, writ ref’d, n.r.e.).  As set forth above, Clark’s grounds for
recusal are not valid.  Consequently, the presiding judge was not required to
hold a hearing on Clark’s motion to recuse.  

                        With regard to Clark’s contention
that the presiding judge did not have the trial court’s file before him when he
issued his order denying the motion to recuse, we note that we are required to indulge
every reasonable presumption in favor of the judgment or order of the trial
court.  See Rich v. Olah, 274 S.W.3d 878, 883 (Tex. App.–Dallas 2008,
no pet.).  We will indulge no presumption against the validity of a court’s
order.  Id.; see also Yorkshire Ins. Co. Ltd. v. Seger, 279 
S.W.3d 755, 774 (Tex. App.–Amarillo 2007, no pet.).  “We will not find recusal
appropriate solely on the basis of speculation regarding facts that may or may
not have been known by the presiding judge.”  Id.  There is no evidence
in the record before us that can serve to overcome the presumption that the
presiding judge had the complete record before him when he signed the order
denying Clark’s motion to recuse.  Accordingly, we hold that Clark has not demonstrated
an abuse of discretion by either Judge Skeen or Judge Ovard related to his
recusal motion.  Clark’s first, second, third, and ninth issues are overruled.

 

Constitutional
Claims

In
his sixth issue, Clark contends that the trial court deprived him of his
constitutional protections of procedural due process and substantive due
process when it entered the summary judgments against him.  We disagree.  The
failure of a trial court to adhere to a state statutory procedure, such as the
Texas Rules of Civil Procedure, is a violation of the statute, not a violation
of constitutional rights.  See Chavez v. State, 91
S.W.3d 797, 800 (Tex. Crim. App. 2002); see also Whatley v. Philo,
817 F.2d 19, 21 (5th Cir. 1987) (state official’s violation of state law
is matter of state law, not federal constitutional law).  As such, the trial
court did not deprive Clark of the aforementioned constitutional protections by
its ruling pursuant to rule 166a(i).  Moreover, the trial court’s ruling did
not violate state law.  As set forth in our disposition of Clark’s issues four,
five, and seven, the trial court properly granted Appellees’ no evidence motion
for summary judgment.  Clark’s sixth issue is overruled.

 

Request
for Findings of Fact and Conclusions of Law

In
his eighth issue, Clark contends that the trial court erred in failing to make
findings of fact and conclusions of law following the entry of its summary
judgments.  Findings of fact and conclusions of law have no place in a summary
judgment proceeding.  Tarrant Restoration v. Tarrant Arlington Oaks,
225 S.W.3d 721, 729 (Tex. App.–Dallas 2007, pet. dism’d w.o.j.) (citing Linwood
v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994)).  Therefore, we hold
that the trial court did not err in declining to make findings of  fact and
conclusions of law.  Clark’s eighth issue is overruled.

 

 

Discovery

In
his tenth issue, Clark contends that the trial court erred by not scheduling
discovery prior to the entry of its orders on Appellees’ motions for summary
judgment.  When a party contends that it has not had an adequate opportunity
for discovery before a summary judgment hearing, it must file either an
affidavit explaining the need for further discovery or a verified motion for
continuance.  See Mackey v. Great Lakes Invs., Inc.,
255 S.W.3d 243, 252 (Tex. App.–San Antonio 2008, pet. denied).  Here,
by his failure to file the required affidavit or a verified motion, Clark has
waived his argument regarding the adequacy of time allotted for discovery.  See
Flores v. Flores, 225 S.W.3d 651, 655 (Tex. App.–El Paso 2006, pet.
denied).  Clark’s tenth issue is overruled.  To the extent that it relates to
his lack of opportunity to conduct discovery, Clark’s fourth issue is
overruled. 

 

Disposition

            Having
overruled Clark’s first, second, third, fourth, sixth, seventh, eighth, ninth,
and tenth issues, and having not reached Clark’s fifth issue, we affirm the
trial court’s judgment.

 

                                                                                                 
JAMES T. WORTHEN    

                                                                                                            Chief
Justice

Opinion delivered September 1, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)









[1] 
Clark also sued a number of other governmental entities and individuals. 
These defendants were severed from the suit against Appellees prior to this
appeal.   We do not consider Clark’s issues to the extent they concern these
severed entities.





[2]
Clark’s fourth and fifth issues partially concern his lack of opportunity
to conduct discovery in this suit.  To the extent necessary, we will consider
this portion of Clark’s fourth and fifth issues in conjunction with our
consideration of his tenth issue. 





 

[3]
We have construed Appellant=s
statement of issues liberally in the interest of justice.  See, e.g., Harris
v. Tex. Dep’t Crim. Justice-Institutional Div., No. 12-03-00363-CV, 2004
WL 1192541, at *2 n.2 (Tex. App.–Tyler May 28, 2004, no pet.) (mem. op.).





[4]
No summary judgment evidence accompanied Clark’s response.





[5] Because we have held that the trial court properly
granted Appellees’ no evidence motion for summary judgment, we need not reach
Clark’s fifth issue concerning whether the trial court properly granted
Appellees’ traditional motion for summary judgment on the issue of limitations.

 





[6]
The procedures for recusal of judges set out in the Texas Rules of Civil
Procedure are the same procedures applied in criminal cases.  See De
Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).