Opinion issued May 5, 2015
 [pic]

 In The

 Court of Appeals

 For The

 First District of Texas

 ------------

 NOS. 01-14-00409-CV & 01-14-00412-CV

 -----------

 William Ready, Appellant

 V.

 Alpha Building Corporation, Appellee

 AND

 William Ready, Appellant

 V.

 Michael Douglas, Appellee

 On Appeal from the 506th District Court
 Waller County, Texas
 Trial Court Case Nos. 12-10-21659 & 12-10-21659-B

 O P I N I O N

 William Ready appeals the trial court's order granting summary
judgment in favor of appellees Alpha Building Corporation and Michael
Douglas. In a single issue in each of these related appeals, Ready argues
that the trial court erred by granting the summary judgments without
allowing him the opportunity to respond. Because the submission notices
stated merely that the summary-judgment motions would be submitted "after"
specified dates, Ready contends that he had no notice of the submission
dates. We conclude that the submission notices did not inform Ready of a
date certain for submission of either motion, and therefore he had no
notice of the date his responses were due. Accordingly, we reverse the
trial court's judgments as to both Alpha Building and Douglas and remand
both cases to the trial court.
 Background
 Michael Douglas worked for Alpha Building, which subcontracted a
portion of a construction project to William Ready. During a final
walkthrough, Douglas and Ready argued about whether the work was properly
completed. Ready alleges that this argument ended with Douglas punching him
in the face, causing serious injury that required medical attention. Ready
later sued Douglas and Alpha Building for assault and battery.
 Both defendants filed motions for summary judgment. On October 15,
2013, Alpha Building filed its traditional and no-evidence motion for
summary judgment. The company argued that as a matter of law it could not
be held responsible for Douglas's intentional assaultive action. It also
argued that Ready had no evidence that it negligently hired, retained, or
supervised Douglas. The notice of submission stated that this motion had
been set "for submission on the 11th day of November, 2013," and it
requested an oral hearing at the court's convenience. Ready did not file a
response to this motion, and the trial court granted it on November 15,
2013.
 Ready filed a motion for new trial in which he argued that the
submission date of November 11 did not comply with the trial court's
"Submission Guidelines and Procedures," which required a minimum of 30
days' notice of setting summary-judgment motions for submission. The trial
court granted the motion for new trial.
 Meanwhile, on December 9, 2013, Douglas filed his traditional and no-
evidence motion for summary judgment on the grounds that (1) Ready's claim
failed as a matter of law because his failure to designate medical experts
precluded a finding of damages and (2) there was no evidence of actual or
exemplary damages. Douglas filed a notice of submission stating that his
motion would be submitted "without a hearing after January 8, 2014."
Similarly, Alpha Building filed a new notice of submission which stated
that its traditional and no-evidence motion for summary judgment would be
submitted "without a hearing after February 7, 2014." Ready did not respond
to either motion, and both motions were granted.
 Ready filed motions for new trial arguing that he had no notice of the
submission dates for either motion due to the indefinite language in the
notices and the court's failure to inform him that it had set either motion
for submission on a specific date. The trial court denied the motions for
new trial, and Ready appealed.
 Analysis
 Ready raises the same issue in each appeal, arguing that a notice of
submission of a motion for summary judgment that states only a date "after"
which it will be submitted does not comply with the Texas Rules of Civil
Procedure. See Tex. R. Civ. P. 166a(c). He thus challenges the trial
court's rendition of summary judgment because the notices failed to specify
a submission date, depriving him the opportunity to timely file a response.
Douglas's notice stated that his motion would be submitted "after" January
8, 2014. Alpha Building's notice stated that its motion would be submitted
"after" February 7, 2014.
 I. Preservation of error
 Douglas portrays this appellate issue as an "adequacy-of-notice"
challenge and argues that Ready waived it by failing to raise it with the
trial court prior to the summary judgment. Alpha Building makes a similar
argument, relying on Carpenter v. Cimarron Hydrocarbons, 98 S.W.3d 682
(Tex. 2002). In Carpenter, the plaintiff failed to timely respond to the
defendants' motion for summary judgment. 98 S.W.3d at 683. The plaintiff
moved for a continuance of the summary-judgment hearing and sought leave to
file an untimely response. Id. The trial court denied both motions and
granted summary judgment in favor of the defendants. Id.
 On appeal, the plaintiff argued that the summary judgment should be
treated like a default judgment and should be reviewed under the equitable
standard enunciated in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133
S.W.2d 124 (1939). In Craddock, the Supreme Court held that a trial court
should set aside a default judgment when the defendant shows that (1) the
failure to answer was not intentional or the result of conscious
indifference, but the result of an accident or mistake, (2) the motion for
new trial sets up a meritorious defense, and (3) granting the motion for
new trial will not cause undue delay or otherwise injure the plaintiff.
Craddock, 133 S.W.3d at 126. This rule has been extended to motions for new
trial filed after post-answer default judgments as well. Ivy v. Carrell,
407 S.W.2d 212, 214 (Tex. 1966).
 The plaintiff in Carpenter sought to extend the rule further and urged
its application when the trial court grants a summary-judgment motion to
which the nonmovant has not timely responded. Carpenter, 98 S.W.3d at 686.
But in that case, the plaintiff had notice of the summary-judgment hearing
and had moved for a continuance and sought leave to file a late response.
Id. at 684-85. The Supreme Court explained that the Craddock standard was
intended "to alleviate unduly harsh and unjust results at a point in time
when the defaulting party has no other remedy available." Id. at 686. The
Court held that Craddock did not apply to the situation presented by
Carpenter: i.e., the nonmovant had notice of the summary-judgment hearing,
failed to timely respond to the motion, and had an opportunity to seek
relief under Rule 166a prior to the trial court's rendition of summary
judgment. Id. Thus, in Carpenter, the plaintiff's recourse was to seek
appellate review of the trial court's rulings under the usual abuse-of-
discretion standard. Id.
 This court considered a similar situation in Viesca v. Andrews, No. 01-
13-00659-CV, 2014 WL 4260355 (Tex. App.-Houston [1st Dist.] Aug. 28, 2014,
no pet.) (mem. op.), in which the plaintiff moved for partial summary
judgment based on deemed admissions. Viesca, 2014 WL 4260355, at *1. Her
notice of submission showed that the motion was set for a premature hearing
date. Id. The defendants agreed that they received this notice. Id.
However, the notice of submission of the motion for partial summary
judgment was revised twice before the court ruled on the plaintiff's
motion. Id. at *2. The defendants contended that they did not receive the
revised notices. Id. In its order granting partial summary judgment, the
trial court specifically stated that the defendants did not respond to the
motion for summary judgment or the plaintiff's request that their
unanswered requests for admissions be deemed. Id.
 After obtaining a favorable partial summary judgment, the plaintiff
abandoned her remaining claims and moved for entry of final judgment. Id.
The defendants agreed that they received notice of the hearing on her
motion for entry of final judgment. Id. They did not file a response,
attend the hearing, request reconsideration of the motion for summary
judgment, or move to withdraw the deemed admissions. Id. A month after the
trial court granted final judgment in favor of the plaintiff, the
defendants filed a motion for new trial, which the trial court denied. Id.
A subsequent motion for new trial was denied by operation of law. Id.
 On appeal, the defendants argued that the judgment should be reversed
due to the erroneous notice of hearing on the motion for summary judgment.
Id. at *3. This court considered whether the defendants had an argument for
withdrawing their deemed admissions and whether they had pursued it. Id.
The defendants had notice of both the initial hearing on the summary
judgment and the hearing on the motion for entry of judgment. Id. Yet they
did not challenge the deemed admissions until after the trial court entered
final judgment. Id. at * 5. This court concluded that, on those facts, the
defendants waived their argument about the deemed admissions. Id.
 The court then considered the defendants' argument about lack of
proper notice of the hearing on the motion for summary judgment. Id. at *6.
It held that the alleged error in the notice of hearing on the motion for
partial summary judgment had been waived because the defendants had
"several opportunities to bring the allegation of error to the trial
court's attention before final judgment was entered, yet failed to do so."
Id.
 In a sur-reply brief, Douglas asserts that Viesca controls the outcome
in this case. Although Ready has focused his appellate challenge on the
lack of notice of a date certain for the summary-judgment hearing, Douglas
contends that the issue is more properly understood as a challenge to
inadequate notice. He reasons that his notice which specified submission of
his motion "after January 8," effectively set the date of submission on
January 8 and fixed a due date for Ready's response. Thus, he contends that
Ready's failure to respond, move for a continuance, or seek clarification
of the hearing date waived his complaint about notice.
 We disagree that Ready's complaint is inadequate notice. The
defendants in Viesca were notified of a date certain of submission which
did not afford them the full time for responding as provided by the Rules
of Civil Procedure. Ready's complaint is that he was not informed of any
date certain for submission of the motion for summary judgment. Douglas
suggests that Ready should have preserved his claim of error by raising the
defective notice with the trial court. But implicit in Douglas's
suggestions about how Ready should have responded-filing a response, moving
for continuance, or seeking clarification of the hearing date-is the
presumption that Ready should have taken all these steps prior to the
court's ruling on the motion for summary judgment.
 Ready's contention is not that he had less than 21 days' notice, but
that he had no notice at all of the date of submission. The defendants in
Viesca passed up several opportunities to raise their complaint with the
trial court, but Ready did not. The summary judgments granted in this case
were severed for the purpose of enabling them to become final and
appealable. Ready raised his complaints about lack of notice of a certain
submission date in a motion for new trial that he filed promptly upon
learning of the trial court's ruling. We conclude that his issues are
preserved. See Viesca, 2014 WL 4260355, at *6.
 II. Adequacy of notice
 As to the merits of the appeals, Ready argues that the notices of
submission were too indefinite to comply with Rule 166a. Because they
merely stated that the motions would be submitted "after" a certain date,
Ready contends that they gave him no indication of the actual date of
submission, and without a date certain he was unable to calculate due dates
for his responses. Thus Ready challenges the trial court's orders granting
the motions for summary judgment, which we review de novo. See Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).
 The notice provisions associated with summary-judgment procedure under
Rule 166a are strictly construed. See, e.g., Nexen Inc. v. Gulf Interstate
Eng'g Co., 224 S.W.3d 412, 423 n.14 (Tex. App.-Houston [1st Dist.] 2006, no
pet.); Moore v. Univ. of Houston-Clear Lake, 165 S.W.3d 97, 100 n.4 (Tex.
App.-Houston [14th Dist.] 2005, no pet.); Chadderdon v. Blaschke, 988
S.W.2d 387, 388 (Tex. App.-Houston [1st Dist.] 1999, no pet.). Notice of
hearing for submission of a summary-judgment motion is mandatory and
essential to due process. See Tex. R. Civ. P. 166a(c); Martin v. Martin,
Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998); Rorie v. Goodwin,
171 S.W.3d 579, 583 (Tex. App.-Tyler 2005, no pet.); Clemons v. Denson, 981
S.W.2d 941, 944 (Tex. App.-Houston [1st Dist.] 1998, pet. denied). "Except
on leave of court, with notice to opposing counsel, the motion and any
supporting affidavits shall be filed and served at least twenty-one days
before the time specified for hearing." Tex. R. Civ. P. 166a(c). Similarly,
except with the trial court's permission, the nonmovant must file and serve
its written response and opposing affidavits "not later than seven days
prior to the day of hearing." Id.
 Rule 166a is designed to ensure that the nonmovant has some minimum
notice of the time of hearing. See Lewis v. Blake, 876 S.W.2d 314, 315
(Tex. 1994). Because the hearing date determines the time for response to
the motion, without notice of the date of the hearing, the nonmovant cannot
know when the response is due. See Martin, 989 S.W.2d at 359; Rorie, 171
S.W.3d at 583. "The failure to give notice of the submission date for a
motion for summary judgment constitutes error." Aguirre v. Phillips Props.,
Inc., 111 S.W.3d 328, 332 (Tex. App.-Corpus Christi 2003, pet. denied)
(citing Martin, 989 S.W.2d at 359).
 Both Douglas and Alpha Building take the position that each notice
specified a date for submission of each respective motion. Douglas argues
that because his notice stated that submission would be "after January 8,
2014," Ready knew that January 9 was the "first day the trial court could
rule by submission." Alpha Building argues that because its notice stated
that the motion would be submitted "after February 7, 2014," Ready should
have construed the notice to specify February 7 as the date of submission.
Alpha Building contends that the date of submission was "clearly" "at the
earliest February 7, 2014." We do not agree that this is a proper method to
provide the necessary notice of a submission date.
 Neither submission notice informed Ready of the date of submission,
and as such, neither permitted him to determine when his response is due.
The appellees' interpretation of Rule 166a inverts the rule's timing
mechanism. Reflecting the reality that the submission of a summary-judgment
motion is often continued to allow further discovery to facilitate a
response, the deadline to file a response hinges on the submission date.
The nonmovant is not required to respond until 7 days before submission,
and it may utilize all of the intervening time to prepare the response. The
appellees' interpretation deprives nonmovants of the full measure of time
permitted under the rule for the preparation of a response by forcing the
filing of a response in the face of an uncertain actual submission date.
 A similar circumstance was presented in Rorie v. Goodwin, 171 S.W.3d
579 (Tex. App.-Tyler 2005, pet. denied). The defendant filed a motion for
summary judgment on August 7, which stated that the "date of submission"
was also August 7, and that the court would "consider" the motion "by way
of a hearing on or after September 6, 2003." Rorie, 171 S.W.3d at 582.
Rorie did not respond, and the trial court granted summary judgment on
September 15. Id. Rorie moved for a new trial, arguing that the motion did
not comply with Rule 166a because it did not "state a specific date of
submission or hearing." Id. The trial court denied the motion for new
trial, and Rorie appealed. Id. The court of appeals explained that the
"indefinite language" in the motion did not inform Rorie "of a specific
submission or hearing date." Id. at 584. Therefore, no deadline for Rorie's
response was ever established. Id. Accordingly, the trial court's summary
judgment did not comply with Rule 166a. See id. In addition, the court of
appeals held that because the record showed that Rorie was not provided the
required notice, he was not obligated to present a meritorious defense in
order to show his entitlement to a new trial. Id. (citing Lopez v. Lopez,
757 S.W.2d 721, 723 (Tex. 1988)).
 Here, neither the notice from Douglas nor the notice from Alpha
Building stated a specific submission or hearing date. Both notices stated
that the motion would be submitted "after" a date certain, but that
indefinite language did not inform Ready of a specific submission date or
establish a deadline for his response. Therefore, we conclude that the
trial court's summary judgment did not comply with Rule 166a(c). See Rorie,
171 S.W.3d at 584. We hold that the court erred by granting summary
judgment in favor of Douglas and Alpha Building.
 We sustain Ready's sole issue in each appeal.
 Conclusion
 We reverse the summary judgments of the trial court as to Douglas and
Alpha Building, and we remand these cases to the trial court for further
proceedings.

 Michael Massengale
 Justice

Panel consists of Justices Keyes, Bland, and Massengale.