

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00257-CV

———————————————

KAREN MOLINA THOMPSON, Appellant

V.

YELLOWHOUSE MACHINERY CO. AND GEOFF DRYSDALE, Appellees

---

On Appeal from County Court at Law No. 2
Wichita County, Texas
Trial Court No. CCL2-CV2021-2429

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In a single issue and several unnumbered issues, *cf.* Tex. R. App. P. 38.1(f), pro se appellant Karen Molina Thompson appeals the trial court's summary judgment for appellees Yellowhouse Machinery Co. and Geoff Drysdale.

We first note that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable law and procedural rules. *Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). This ensures fairness in our treatment of all litigants by using a single set of rules. *Id.* But a pro se party's lack of legal education or training often results in critical mistakes of form and substance. *See id.* n.11. This is one such case.

Regarding summary judgment—a highly procedural area of law—"[w]hen an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground." *Rollins v. Denton Cnty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.). In this appeal,[1] Thompson does not challenge any grounds that appellees presented in

---

[1]Although Thompson attempts to frame her appeal as a restricted appeal, *see* Tex. R. App. P. 30, such an appeal requires that the appellant "not timely file a postjudgment motion . . . or a notice of appeal within the time permitted by Rule 26.1(a)." *Id.*; *see* Tex. R. App. P. 26.1(a)(1) (requiring notice of appeal to be filed within 90 days after the judgment is signed if any party timely files a motion for new trial). Contrary to a restricted appeal's requirements, Thompson states that the trial court

their summary-judgment motion, *see id.*, and none of her arguments[2] otherwise support any relief this court may grant,[3] *see* Tex. R. App. P. 43.2, 44.1. Accordingly, we affirm the trial court's judgment.

---

signed the summary judgment on May 15, 2024, and that she timely filed a notice of appeal and motion for new trial on May 20, 2024, and then an amended notice of appeal on May 23, 2024. (The record reflects that the trial court actually signed the summary judgment on May 14, 2024; the judgment is file-marked May 15, 2024.) Because she timely filed a motion for new trial and notice of appeal, this appeal is not a restricted appeal. *See* Tex. R. App. P. 30.

[2]In her primary issue, Thompson asserts that the trial court could not order the summary judgment without a hearing. But in summary-judgment practice, the submission date has the same meaning as the hearing date. *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—Tyler 2005, no pet.); *see Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (explaining that under Rule 166a, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court). The record reflects that appellees set their summary-judgment motion for a hearing on March 21, making Thompson's response due by March 14, *see* Tex. R. Civ. P. 166a(c), and that the trial court later moved the hearing "for consideration by submission" to April 11 and then to May 14, giving Thompson ample opportunity to timely respond before it granted summary judgment on May 14. And regarding this complaint and her other, unnumbered complaints about the lack of in-person hearings, the record does not reflect that she objected before submission to the trial court's setting any motions without an in-person hearing—or that she raised any other objections or secured any rulings on any of her complaints, and she has failed to explain how any of these complaints present reversible error. *See* Tex. R. App. P. 33.1, 38.1, 44.1.

[3]Thompson requested and received three extensions to file her appellant's brief and the opportunity to file a corrected brief. In our January 6, 2025 order granting the second extension, we identified through pre-submission screening deficiencies in her tendered brief under Rule of Appellate Procedure 38.1 and ordered her to file a compliant brief by January 17, 2025. On January 22, 2025, we gave her until March 18, 2025, to file a corrected brief. Thompson filed her brief on March 19, 2025.

3

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  July 24, 2025