**Opinion issued May 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NOS. 01-14-00409-CV & 01-14-00412-CV

_____

**WILLIAM READY, Appellant**

**V.**

**ALPHA BUILDING CORPORATION, Appellee**

**AND**

**WILLIAM READY, Appellant**

**V.**

**MICHAEL DOUGLAS, Appellee**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case Nos. 12-10-21659 & 12-10-21659-B

**O P I N I O N**

William Ready appeals the trial court's order granting summary judgment in favor of appellees Alpha Building Corporation and Michael Douglas. In a single issue in each of these related appeals, Ready argues that the trial court erred by granting the summary judgments without allowing him the opportunity to respond. Because the submission notices stated merely that the summary-judgment motions would be submitted "after" specified dates, Ready contends that he had no notice of the submission dates. We conclude that the submission notices did not inform Ready of a date certain for submission of either motion, and therefore he had no notice of the date his responses were due. Accordingly, we reverse the trial court's judgments as to both Alpha Building and Douglas and remand both cases to the trial court.

**Background**

Michael Douglas worked for Alpha Building, which subcontracted a portion of a construction project to William Ready. During a final walkthrough, Douglas and Ready argued about whether the work was properly completed. Ready alleges that this argument ended with Douglas punching him in the face, causing serious injury that required medical attention. Ready later sued Douglas and Alpha Building for assault and battery.

Both defendants filed motions for summary judgment. On October 15, 2013, Alpha Building filed its traditional and no-evidence motion for summary judgment. The company argued that as a matter of law it could not be held responsible for Douglas's intentional assaultive action. It also argued that Ready had no evidence that it negligently hired, retained, or supervised Douglas. The notice of submission stated that this motion had been set "for submission on the 11th day of November, 2013," and it requested an oral hearing at the court's convenience. Ready did not file a response to this motion, and the trial court granted it on November 15, 2013.

Ready filed a motion for new trial in which he argued that the submission date of November 11 did not comply with the trial court's "Submission Guidelines and Procedures," which required a minimum of 30 days' notice of setting summary-judgment motions for submission. The trial court granted the motion for new trial.

Meanwhile, on December 9, 2013, Douglas filed his traditional and no-evidence motion for summary judgment on the grounds that (1) Ready's claim failed as a matter of law because his failure to designate medical experts precluded a finding of damages and (2) there was no evidence of actual or exemplary damages. Douglas filed a notice of submission stating that his motion would be submitted "without a hearing after January 8, 2014." Similarly, Alpha Building filed a new notice of submission which stated that its traditional and no-evidence

3

motion for summary judgment would be submitted "without a hearing after February 7, 2014." Ready did not respond to either motion, and both motions were granted.

Ready filed motions for new trial arguing that he had no notice of the submission dates for either motion due to the indefinite language in the notices and the court's failure to inform him that it had set either motion for submission on a specific date. The trial court denied the motions for new trial, and Ready appealed.

**Analysis**

Ready raises the same issue in each appeal, arguing that a notice of submission of a motion for summary judgment that states only a date "after" which it will be submitted does not comply with the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a(c). He thus challenges the trial court's rendition of summary judgment because the notices failed to specify a submission date, depriving him the opportunity to timely file a response. Douglas's notice stated that his motion would be submitted "after" January 8, 2014. Alpha Building's notice stated that its motion would be submitted "after" February 7, 2014.

## I.     Preservation of error

Douglas portrays this appellate issue as an "adequacy-of-notice" challenge and argues that Ready waived it by failing to raise it with the trial court prior to the summary judgment. Alpha Building makes a similar argument, relying on

4

*Carpenter v. Cimarron Hydrocarbons*, 98 S.W.3d 682 (Tex. 2002). In *Carpenter*, the plaintiff failed to timely respond to the defendants' motion for summary judgment. 98 S.W.3d at 683. The plaintiff moved for a continuance of the summary-judgment hearing and sought leave to file an untimely response. *Id.* The trial court denied both motions and granted summary judgment in favor of the defendants. *Id.*

On appeal, the plaintiff argued that the summary judgment should be treated like a default judgment and should be reviewed under the equitable standard enunciated in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). In *Craddock*, the Supreme Court held that a trial court should set aside a default judgment when the defendant shows that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion for new trial will not cause undue delay or otherwise injure the plaintiff. *Craddock*, 133 S.W.3d at 126. This rule has been extended to motions for new trial filed after post-answer default judgments as well. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

The plaintiff in *Carpenter* sought to extend the rule further and urged its application when the trial court grants a summary-judgment motion to which the nonmovant has not timely responded. *Carpenter*, 98 S.W.3d at 686. But in that

5

case, the plaintiff had notice of the summary-judgment hearing and had moved for a continuance and sought leave to file a late response. *Id.* at 684–85. The Supreme Court explained that the *Craddock* standard was intended "to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Id.* at 686. The Court held that *Craddock* did not apply to the situation presented by Carpenter: i.e., the nonmovant had notice of the summary-judgment hearing, failed to timely respond to the motion, and had an opportunity to seek relief under Rule 166a prior to the trial court's rendition of summary judgment. *Id.* Thus, in *Carpenter*, the plaintiff's recourse was to seek appellate review of the trial court's rulings under the usual abuse-of-discretion standard. *Id.*

This court considered a similar situation in *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.), in which the plaintiff moved for partial summary judgment based on deemed admissions. *Viesca*, 2014 WL 4260355, at *1. Her notice of submission showed that the motion was set for a premature hearing date. *Id.* The defendants agreed that they received this notice. *Id.* However, the notice of submission of the motion for partial summary judgment was revised twice before the court ruled on the plaintiff's motion. *Id.* at *2. The defendants contended that they did not receive the revised notices. *Id.* In its order granting partial summary judgment, the trial court specifically stated that the defendants did not respond to the motion for

summary judgment or the plaintiff's request that their unanswered requests for admissions be deemed. *Id.*

After obtaining a favorable partial summary judgment, the plaintiff abandoned her remaining claims and moved for entry of final judgment. *Id.* The defendants agreed that they received notice of the hearing on her motion for entry of final judgment. *Id.* They did not file a response, attend the hearing, request reconsideration of the motion for summary judgment, or move to withdraw the deemed admissions. *Id.* A month after the trial court granted final judgment in favor of the plaintiff, the defendants filed a motion for new trial, which the trial court denied. *Id.* A subsequent motion for new trial was denied by operation of law. *Id.*

On appeal, the defendants argued that the judgment should be reversed due to the erroneous notice of hearing on the motion for summary judgment. *Id.* at *3. This court considered whether the defendants had an argument for withdrawing their deemed admissions and whether they had pursued it. *Id.* The defendants had notice of both the initial hearing on the summary judgment and the hearing on the motion for entry of judgment. *Id.* Yet they did not challenge the deemed admissions until after the trial court entered final judgment. *Id.* at * 5. This court concluded that, on those facts, the defendants waived their argument about the deemed admissions. *Id.*

The court then considered the defendants' argument about lack of proper notice of the hearing on the motion for summary judgment. *Id.* at *6. It held that the alleged error in the notice of hearing on the motion for partial summary judgment had been waived because the defendants had "several opportunities to bring the allegation of error to the trial court's attention before final judgment was entered, yet failed to do so." *Id.*

In a sur-reply brief, Douglas asserts that *Viesca* controls the outcome in this case. Although Ready has focused his appellate challenge on the lack of notice of a date certain for the summary-judgment hearing, Douglas contends that the issue is more properly understood as a challenge to inadequate notice. He reasons that his notice which specified submission of his motion "after January 8," effectively set the date of submission on January 8 and fixed a due date for Ready's response. Thus, he contends that Ready's failure to respond, move for a continuance, or seek clarification of the hearing date waived his complaint about notice.

We disagree that Ready's complaint is inadequate notice. The defendants in *Viesca* were notified of a date certain of submission which did not afford them the full time for responding as provided by the Rules of Civil Procedure. Ready's complaint is that he was not informed of any date certain for submission of the motion for summary judgment. Douglas suggests that Ready should have preserved his claim of error by raising the defective notice with the trial court. But

8

implicit in Douglas's suggestions about how Ready should have responded—filing a response, moving for continuance, or seeking clarification of the hearing date—is the presumption that Ready should have taken all these steps prior to the court's ruling on the motion for summary judgment.

Ready's contention is not that he had less than 21 days' notice, but that he had no notice at all of the date of submission. The defendants in *Viesca* passed up several opportunities to raise their complaint with the trial court, but Ready did not. The summary judgments granted in this case were severed for the purpose of enabling them to become final and appealable. Ready raised his complaints about lack of notice of a certain submission date in a motion for new trial that he filed promptly upon learning of the trial court's ruling. We conclude that his issues are preserved. *See Viesca*, 2014 WL 4260355, at *6.

## II. Adequacy of notice

As to the merits of the appeals, Ready argues that the notices of submission were too indefinite to comply with Rule 166a. Because they merely stated that the motions would be submitted "after" a certain date, Ready contends that they gave him no indication of the actual date of submission, and without a date certain he was unable to calculate due dates for his responses. Thus Ready challenges the trial court's orders granting the motions for summary judgment, which we review de

9

novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

The notice provisions associated with summary-judgment procedure under Rule 166a are strictly construed. *See, e.g.*, *Nexen Inc. v. Gulf Interstate Eng'g Co.*, 224 S.W.3d 412, 423 n.14 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Moore v. Univ. of Houston-Clear Lake*, 165 S.W.3d 97, 100 n.4 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Chadderdon v. Blaschke*, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Notice of hearing for submission of a summary-judgment motion is mandatory and essential to due process. *Se*e TEX. R. CIV. P. 166a(c); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—Tyler 2005, no pet.); *Clemons v. Denson*, 981 S.W.2d 941, 944 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). Similarly, except with the trial court's permission, the nonmovant must file and serve its written response and opposing affidavits "not later than seven days prior to the day of hearing." *Id.*

Rule 166a is designed to ensure that the nonmovant has some minimum notice of the time of hearing. *See Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex.

10

1994). Because the hearing date determines the time for response to the motion, without notice of the date of the hearing, the nonmovant cannot know when the response is due. *See Martin*, 989 S.W.2d at 359; *Rorie*, 171 S.W.3d at 583. "The failure to give notice of the submission date for a motion for summary judgment constitutes error." *Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 332 (Tex. App.—Corpus Christi 2003, pet. denied) (citing *Martin*, 989 S.W.2d at 359).

Both Douglas and Alpha Building take the position that each notice specified a date for submission of each respective motion. Douglas argues that because his notice stated that submission would be "after January 8, 2014," Ready knew that January 9 was the "first day the trial court could rule by submission." Alpha Building argues that because its notice stated that the motion would be submitted "after February 7, 2014," Ready should have construed the notice to specify February 7 as the date of submission. Alpha Building contends that the date of submission was "clearly" "at the earliest February 7, 2014." We do not agree that this is a proper method to provide the necessary notice of a submission date.

Neither submission notice informed Ready of the date of submission, and as such, neither permitted him to determine when his response is due. The appellees' interpretation of Rule 166a inverts the rule's timing mechanism. Reflecting the reality that the submission of a summary-judgment motion is often continued to

11

allow further discovery to facilitate a response, the deadline to file a response hinges on the submission date. The nonmovant is not required to respond until 7 days before submission, and it may utilize all of the intervening time to prepare the response. The appellees' interpretation deprives nonmovants of the full measure of time permitted under the rule for the preparation of a response by forcing the filing of a response in the face of an uncertain actual submission date.

A similar circumstance was presented in *Rorie v. Goodwin*, 171 S.W.3d 579 (Tex. App.—Tyler 2005, pet. denied). The defendant filed a motion for summary judgment on August 7, which stated that the "date of submission" was also August 7, and that the court would "consider" the motion "by way of a hearing on or after September 6, 2003." *Rorie*, 171 S.W.3d at 582. Rorie did not respond, and the trial court granted summary judgment on September 15. *Id.* Rorie moved for a new trial, arguing that the motion did not comply with Rule 166a because it did not "state a specific date of submission or hearing." *Id.* The trial court denied the motion for new trial, and Rorie appealed. *Id.* The court of appeals explained that the "indefinite language" in the motion did not inform Rorie "of a specific submission or hearing date." *Id.* at 584. Therefore, no deadline for Rorie's response was ever established. *Id.* Accordingly, the trial court's summary judgment did not comply with Rule 166a. *See id.* In addition, the court of appeals held that because the record showed that Rorie was not provided the required notice, he was

not obligated to present a meritorious defense in order to show his entitlement to a new trial. *Id.* (citing *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)).

Here, neither the notice from Douglas nor the notice from Alpha Building stated a specific submission or hearing date. Both notices stated that the motion would be submitted "after" a date certain, but that indefinite language did not inform Ready of a specific submission date or establish a deadline for his response. Therefore, we conclude that the trial court's summary judgment did not comply with Rule 166a(c). *See Rorie*, 171 S.W.3d at 584. We hold that the court erred by granting summary judgment in favor of Douglas and Alpha Building.

We sustain Ready's sole issue in each appeal.

## Conclusion

We reverse the summary judgments of the trial court as to Douglas and Alpha Building, and we remand these cases to the trial court for further proceedings.


      Michael Massengale
      Justice

Panel consists of Justices Keyes, Bland, and Massengale.