

# NUMBER 13-16-00129-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

NORMA HEREDIA,                                                          Appellant,

v.

WAL MART STORES, TEXAS, LLC,                                           Appellee.

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant Norma Heredia appeals from a summary judgment granted in favor of appellee Wal-Mart Stores Texas, LLC, (Wal-Mart) in a premises liability case. By one issue, which we treat as three, Heredia argues the trial court erred in granting Wal-Mart's no-evidence motion for summary judgment because: (1) Heredia presented more than

a scintilla of evidence that Wal-Mart had constructive knowledge of a dangerous condition; (2) Heredia was not provided notice and an opportunity to be heard which constituted a denial of due process; and (3) Wal-Mart improperly destroyed evidence, making it impossible for appellant to present any evidence that Wal-Mart had constructive knowledge of a dangerous condition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The summary judgment evidence shows that Heredia entered Wal-Mart and while pushing a shopping cart in the women's department, Heredia slipped on an unknown dark and sticky fluid on the floor and fell, injuring herself. According to Heredia's deposition testimony, she did not know how long the spill had been on the floor, how the fluid got onto the floor, or whether Wal-Mart had knowledge of the spill. Heredia testified that no other customers or Wal-Mart employees were in the area at the time of her slip and fall. Heredia remained on the floor for roughly three minutes, but she was eventually able to stand on her own. Heredia waited in the same area until Wal-Mart associate Elizabeth Sanchez arrived at her location. Heredia pointed out the spill to Sanchez, who notified Wal-Mart manager Bill Daniels of the situation. Daniels offered to call an ambulance and file a report. Heredia stated she did not need an ambulance and declined to file a report with the manager. Sanchez proceeded to clean up the spill. Heredia checked out with her purchases and left Wal-Mart. After remaining at home for a few hours, Heredia testified that the pain she experienced from the fall worsened. Heredia returned to Wal-Mart to file a report with store manager Maria E. Del Angel. Heredia then asked an acquaintance to drive her to a local hospital to receive treatment for her injuries.

2

After meeting with Heredia and completing the report, Del Angel went to the location where Heredia was injured. Del Angel met with Sanchez, the Wal-Mart associate who cleaned up the spill, and took pictures of the location. Del Angel also testified by deposition that a video request form was submitted to a Wal-Mart asset protection member. The asset protection member stated that the store's surveillance equipment did not record Heredia's incident as a camera was not directed toward the location of the fall.

Heredia filed a premises liability suit against Wal-Mart claiming that she, as a business invitee, sustained injuries when she slipped and fell on an unknown fluid. Wal-Mart filed a no-evidence motion for summary judgment arguing that, "plaintiff cannot set forth any evidence that Defendant [Wal-Mart] had actual or constructive knowledge of the condition so as to have had a reasonable opportunity to discover and remedy the condition." The trial court granted Heredia's motion for continuance so that the parties could attend mediation. Wal-Mart later filed a supplemental no-evidence motion for summary judgment. Wal-Mart supported its motion with plaintiff's original petition and discovery requests, and Heredia's deposition.

Heredia filed a response to the no-evidence motion for summary judgment arguing that Wal-Mart had knowledge of the current spill based on Wal-Mart's knowledge of prior spills that occurred at multiple stores since April of 1988. Heredia also argued that Wal-Mart's practice of cleaning up spills and disposing of the spills resulted in spoliation of evidence, preventing Heredia from obtaining evidence of Wal-Mart's constructive knowledge. Heredia attached to her response the depositions of Wal-Mart assistant

3

manager Alfredo Sandoval, Del Angel, the declarations of Heredia and James Falasco, an expert witness for Heredia, Wal-Mart's responses to Heredia's first set of requests for admissions, and Heredia's deposition testimony. Wal-Mart filed a reply to Heredia's response arguing that Heredia presented no evidence that would prove the length of time the spill was on the floor prior to Heredia's incident.

Heredia later filed a fifth amended original petition alleging that Wal-Mart owed a legal duty to Heredia to preserve the fluid she slipped on as evidence relevant to her claim and that Wal-Mart owed a duty to Heredia to utilize a computerized video surveillance system "for early detection of foreign substances on floors[.]" Wal-Mart filed a "Motion for Summary Judgment for Failure to State a Claim" asserting that there is no legal requirement or duty that retail stores use a video surveillance system. Heredia filed a response to Wal-Mart's failure-to-state-a-claim motion for summary judgment stating that Wal-Mart owed a duty to Heredia to reasonably inspect the store to discover dangerous conditions such as fluids on the floor, and that Wal-Mart breached this duty by failing to use computerized video surveillance which amounts to negligence that proximately caused Heredia's slip and subsequent injuries.

The trial court granted Wal-Mart's no-evidence motion for summary judgment and dismissed Heredia's claims.[1] This appeal followed.

## II. NO-EVIDENCE SUMMARY JUDGMENT STANDARD OF REVIEW

We review a trial court's ruling on a summary judgment motion de novo. *Travelers Ins. Co v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Alejandro v. Bell*, 84 S.W.3d 383,

---

[1] The trial court did not rule on Wal-Mart's "Motion for Summary Judgment for Failure to State a Claim."

4

390 (Tex. App.—Corpus Christi 2002, no. pet).   A no-evidence motion must state the elements as to which there is no evidence.   TEX. R. CIV. P. 166a(i); *Timpte Indus. v. Gish*, 286 S.W.3d 306 (Tex. 2009).   When reviewing a no-evidence summary judgment, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor."   *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017).   A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *Forbes Inc. v. Granada Biosciences*, 124 S.W.3d 167, 172 (Tex. 2003).   A nonmovant produces no more than a scintilla of evidence when the evidence is so weak that it does no more than create a mere surmise of suspicion of a fact.   *Forbes*, 124 S.W.3d at 172.   "More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions."   *Id.*

### III.   PREMISES LIABILITY

By her first issue, Heredia argues the trial court erred in granting Wal-Mart's no-evidence motion for summary judgment because Heredia presented more than a scintilla of evidence that Wal-Mart had constructive knowledge of the spill.

**A.   Applicable Law**

In order to establish a premises liability claim, an invitee must prove the following four elements:   (1) the owner or occupier had actual or constructive knowledge of a

condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (per curiam) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). The challenged element in this case is the first element, whether Wal-Mart had actual or constructive knowledge of the spill. *See id.*

A slip and fall plaintiff satisfies the knowledge element by establishing that: (1) the defendant placed the substance on the floor; (2) the defendant actually knew that the substance was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). "The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence." *Id.* at 815. The "time-notice rule" is applied to slip-and-fall cases, and is based on the principle that temporal evidence most accurately indicates whether a premises owner had a reasonable opportunity to learn of, and remedy, the dangerous condition. *Id.* When determining if a premises owner had a reasonable time to discover a spill, proximity, conspicuity, and longevity evidence will be relevant to the analysis. *Id.*; *see also Coward v. H.E.B, Inc.*, No. 01-13-00773-CV, 2014 WL 3512800, at *4 (Tex. App.—Houston [1st Dist.] July 2014, no pet.) (mem. op.). Specifically, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to rectify, or warn

6

of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Reece*, 81 S.W.3d at 815; *see Daenen,* 15 S.W.3d at 101. The dangerous condition for which a premises owner may be liable is the condition at the time and place the injury occurs, not some antecedent situation that produced the condition. *Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589, 593 (Tex. App.—Dallas 2013, pet. denied) (citing *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006)).

## B.    Analysis

Heredia argues that Wal-Mart had constructive knowledge of spills generally since 1988[2] and, "armed with such knowledge, [Wal-Mart] adopted and employed a practice of responding to reports of patrons having been involved in slip/fall incidents" and that the practice of responding to reports of spills "involves the prompt removal and destruction of evidence with which such patrons might prove [Wal-Mart] had constructive knowledge of foreign substances in [Wal-Mart] stores." However, Heredia did not present evidence in this case that Wal-Mart placed the liquid substance on the floor or that Wal-Mart knew the substance was on the floor. *See Reece*, 81 S.W.3d at 814*.* To the contrary, Heredia testified that there were no Wal-Mart associates in the general vicinity that had knowledge of the spill. The Wal-Mart associates who testified also stated that prior to Heredia's fall, they had no knowledge of the spill. Heredia points to spills that occurred previously at Wal-Mart stores, arguing that prior spills are sufficient to establish that Wal-Mart had

---

[2] Heredia attached to its summary judgment response copies of lawsuits involving Wal-Mart as a defendant in cases where the plaintiff was injured on Wal-Mart's property from slipping on substances on the floor.

7

constructive knowledge of the condition causing Heredia's injury. However, the "time-notice" rule establishes that temporal evidence best indicates whether a premises owner would reasonably know of a dangerous condition. *Id.* Evidence of spills occurring at other Wal-Mart stores at different times does not constitute temporal evidence that Wal-Mart had constructive notice in this case. Heredia failed to introduce temporal evidence to show that the spill existed long enough to give Wal-Mart a reasonable opportunity to discover it. *See id.*

Heredia also argues that Wal-Mart should have known of the potential for a slip and fall incident. Heredia's expert witness testified that "the use of a computerized video-surveillance equipment would have given [Wal-Mart] such knowledge, and would have been economically feasible." However, "evidence that an owner or occupier knew of a safer, feasible alternative design, without more, is not evidence that the owner knew or should have known that a condition on its premises created an unreasonable risk of harm." *Daenen*, 15 S.W.3d at 102. Moreover, the duty owed to a business invitee is not that of an insurer, and premises owners are not held strictly liable for any injury that occurs on their property. *Id.*; *Rice Food Markets Inc., v. Hicks*, 111 S.W.3d 610, 613 (Tex. App.—Houston [1st. Dist.] 2003, pet. denied). Considering the evidence in light most favorable to Heredia, we hold that there is no evidence to support the conclusion that Wal-Mart had actual or constructive notice of the dangerous condition. *See Nassar,* 508 S.W.3d at 254. Because Heredia failed to present more than a scintilla of evidence on an essential element of her claim, we overrule Heredia's first issue. *See* TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 426.

## IV. DUE PROCESS

By her second issue, Heredia argues that she was not provided notice and an opportunity to be heard which constituted a denial of due process.

### A. Applicable Law

To be entitled to a no-evidence summary judgment, the movant must comply with the requirements set forth in Texas Rule of Civil Procedure Rule 166a. TEX. R. CIV. P. 166a. Due process requires notice and an opportunity to be heard. *See Campbell v. Stucki*, 220 S.W.3d 562, 570 (Tex. App.—Tyler 2007, no pet.). "The reason that notice of hearing or submission of the motion is mandatory is because the hearing date determines the time for response to the motion." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). Rule 166a(c) gives the nonmovant twenty-one days' notice before a summary judgment hearing and provides the nonmovant may file its response and opposing affidavits not later than seven days before the hearing date. TEX. R. CIV. P. 166a(c). The notice provisions of Rule 166a are strictly construed, and notice of a hearing for submission of a summary judgment is mandatory and essential to due process. *See id.*; *Ready v. Alpha Building Corp.*, 467 S.W.3d 580, 584 (Tex. App.—Houston [1st Dist.] May 2015, no pet.).

### B. Analysis

Wal-Mart filed a no-evidence motion for summary judgment on January 15, 2015. The original hearing date was passed by agreement on February 27, 2015. Wal-Mart proceeded to file a supplemental no-evidence motion for summary judgment on September 25, 2015. The trial court notified the parties on October 22, 2015 that it would

9

consider the motion for summary judgment on November 11, 2015, thereby providing Heredia with twenty-one days' notice of the hearing. *See* TEX. R.CIV. P. 166a(c). Heredia responded to the motion for summary judgment within the required seven days before the hearing date. *See id.* Wal-Mart replied to Heredia's response to the motion for summary judgment on November 10, 2015. The trial court heard the arguments on the motion for summary judgment on November 11, 2015 and requested additional briefing from the parties. On November 30, 2015, the trial court signed an order granting the no-evidence motion for summary judgment. Because Heredia received twenty-one days' notice of the hearing and responded to the motion for summary judgment, Heredia was not deprived of her due process right to notice and a hearing. *See id.*; *Richards*, 989 S.W.2d at 359. We overrule Heredia's second issue.

## V. SPOLIATION OF EVIDENCE

By her third issue, Heredia argues that Wal-Mart improperly destroyed evidence of the spill, and without the retained sample of the spill, it was impossible for appellant to present evidence that Wal-Mart had constructive knowledge of the spill.

## A. Standard of Review and Applicable Law

We review a trial court's decision to admit evidence and to impose a remedy for spoliation of evidence under an abuse of discretion standard. *Brookshire Bros. Ltd., v. Aldridge*, 438 S.W.3d 9, 27 (Tex. 2014). Whether a party spoliated evidence and whether a certain remedy is appropriate are questions of law for the trial court. *Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 921 (Tex. 2015). It is well established that evidentiary matters, including a determination of whether spoliation has occurred, are

10

resolved by the trial court. *Aldridge*, 438 S.W.3d at 19–21. Further, "spoliation is essentially a particularized form of discovery abuse, in that it ultimately results in the failure to produce discoverable evidence, and discovery matters are also within the sole province of the trial court." *Id.* at 19–20. When a trial court evaluates spoliation, a two-step process is conducted: (1) the trial court must determine as a question of law whether a party spoliated evidence; and (2) if the trial court determined spoliation occurred, the trial court must address an appropriate remedy. *Id.* at 14. When addressing whether a party spoliated evidence, the court will determine whether the party had a duty to preserve the evidence in question. *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003). "Before any failure to produce material evidence may be viewed as discovery abuse, the opposing party must establish that the non-producing party had a duty to preserve the evidence in question." *Id.* A duty to preserve evidence arises only when a party knows or reasonably should know that there is a substantial chance that a claim will filed and that the evidence will be material and relevant to that claim. *Id.*

## B. Analysis

Heredia filed several responses to Wal-Mart's no-evidence summary judgment motion concerning spoliation of evidence. After considering the available evidence, the trial court granted a no-evidence summary judgment in favor of Wal-Mart. Because Heredia raised the issue of improperly destroyed evidence in her response to the no-evidence summary judgment motion, and the trial court nevertheless granted Wal-Mart's no-evidence summary judgment motion, we presume the trial court considered and

11

rejected Heredia's request for a presumption of spoliation of evidence. *See Aldridge*, 438 S.W.3d at 27; *Adobe Land Corp. v. Griffin L.L.C.,* 236 S.W.3d 351, 356–357 (Tex. App.—Fort Worth 2007, pet. denied.).

Heredia testified that after slipping and injuring herself at Wal-Mart, she declined to immediately file a report with Wal-Mart. When Heredia filed the report with Wal-Mart later in the day, the spill had been cleaned up and disposed of in the normal course of business. Heredia points out that Wal-Mart has a history of spills at their facilities, and has "long known that what can be learned from the substance on the floor which precipitates a slip/fall incident may help a plaintiff prove that defendant had a reasonable time within which to discover and protect against the slip/fall risk created by presence of such substance." However, Heredia had to show that Wal-Mart disposed of the spill after it knew, or should have known, that there was a substantial chance there would be litigation and that the spill would be material to it. *See Johnson*, 106 S.W.3d at 722. The evidence is undisputed that at the time of Heredia's injury, she declined to file a report and declined Wal-Mart's offer to call an ambulance. Accordingly, Wal-Mart was not on notice of a potential claim and that preservation of the spill would be material to the claim. *Id.* Since the evidence was destroyed in the ordinary course of business and Wal-Mart was not on notice of a potential claim, the trial court did not abuse its discretion in determining that Wal-Mart did not have a duty to preserve the evidence. *See Johnson*, 106 S.W.3d at 723; *Doe v. Mobile Video Tapes*, 43 S.W.3d 40, 56 (Tex. App.—Corpus Christi 2001, pet. denied) (holding that evidence destroyed in the normal course of business and before notice of a claim is an adequate defense against an assertion of

12

negligence or intentional destruction of evidence). We overrule Heredia's third issue.

## VI. CONCLUSION

We affirm the judgment of the trial court.

LETICIA HINOJOSA
Justice

Delivered and filed the
27th day of July, 2017.