**Opinion issued May 23, 2019**



In The

# Court of Appeals

For The

## First District of Texas

———————————

## NO. 01-18-00744-CV

———————————

### JOHN W. KENNEDY, Appellant

### V.

### DISA, INC. AND DISA GLOBAL SOLUTIONS, INC., Appellees

---

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2015-52225

---

## MEMORANDUM OPINION

John Kennedy sued the third-party administrator of his employer's drug-testing program for negligence and under other theories after the administrator informed the employer of a positive drug test result that retesting showed to be false.

On appeal, Kennedy contends that the trial court erred and violated his due process rights by granting summary judgment in favor of DISA, Inc. and DISA Global Solutions, Inc. and denying his motions for post-judgment relief, because he did not receive proper notice of the hearing date. Kennedy also contends that summary judgment is improper because DISA's motion failed to address the new claims and allegations raised in his third amended petition. Finding no error, we affirm.

## BACKGROUND

Kennedy submitted to periodic drug testing as a condition of his employment as a service equipment operator with Air Liquide. In 2013, a drug-testing laboratory initially reported that his urine tested positive for the presence of an illegal substance. Based on the reported result, DISA listed Kennedy's work eligibility status as "inactive" on its database, which notified other industry employers that his drug-test results made him unemployable. Air Liquide terminated Kennedy's employment, and Kennedy requested re-analysis of the urine sample. This time, the sample tested negative for the illegal substance. Kennedy returned to work and Air Liquide gave him back pay for the lost workdays.

In September 2015, Kennedy sued DISA for gross negligence, intentional infliction of emotional distress, breach of contract, and fraud. DISA initially moved for traditional and no-evidence summary judgment in January 2017 and set the

2

motion for submission on February 20, 2017. After learning that Kennedy would seek a continuance, DISA agreed to withdraw its motion from the trial court's submission docket and reset it after entry of the new docket-control order, which would extend the dispositive-motion deadline.

On February 28, 2017, the trial court granted Kennedy's motion for continuance of the trial setting and signed a revised docket-control order. Three weeks later, the parties moved for continuance again, asking the trial court to postpone the trial setting until November 2017 and requesting new docket deadlines. The trial court granted the continuance and, on April 11, 2017, signed a new docket-control order.

Before the parties could complete discovery, Hurricane Harvey struck the Houston area, creating further complications and delay. On September 28, the parties jointly moved to continue the trial setting and for entry of a new docket-control order. Kennedy also requested a continuance of DISA's motion for summary judgment. The trial court granted the trial continuance, vacated the prior docket-control order, and signed a new docket-control order in early October 2017.

In January 2018—more than two years after Kennedy filed his original petition—the parties made their final request for extension of the docket-control deadlines and continuance of the trial date. The trial court granted the request and adopted the jointly proposed dispositive-motion deadline of April 25, 2018. The

court's docket-control order declares that dispositive motions "[m]ust be heard by oral hearing or submission. If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date. Rule 166a(i) motions may not be heard before this date."

On April 4, 2018, DISA filed an amended motion for summary judgment raising both traditional and no-evidence grounds. At the same time, it filed a notice setting the motion "for hearing by submission" to the court on April 23, 2018 as well as an amended notice setting the motion for oral hearing on May 31, 2018.

Kennedy's counsel sent an email to DISA's counsel asking for clarification about the two notices:

> There were two different hearing dates submitted for your MSJ. One by submission April 23, and one for oral hearing for May 31st. Which one is it?

DISA's counsel responded within the hour, explaining:

> If [the Court] doesn't rule before the oral hearing date in May, we will have an oral hearing. But the submission date is April 23.

In reply, Kennedy's counsel protested, "I don't think you can set the MSJ for two hearing dates." DISA's counsel reiterated that the motion was "set for submission on April 23. If it's not ruled on during the next month, we want an oral hearing."

DISA's counsel explained that the court had allowed her to use this approach in other cases. When the trial court was made aware of the parties' dispute, however, it informed DISA's counsel by email on April 4th that she could "set the MSJ for

4

submission or oral hearing but not both," and asked her to let the court know which she wanted. DISA's counsel responded to the court, "Please se[t] it for submission." Kennedy's counsel was copied on these emails.

In an April 16, 2018 motion for continuance of the summary judgment proceeding, Kennedy acknowledged that the motion was "set for submission hearing for April 23, 2018." The next day, April 17th, Kennedy filed a third amended petition, which added a breach of fiduciary duty claim against DISA, and asked the trial court for leave to file the late petition. DISA's response in opposition to Kennedy's motion for continuance, filed April 20, 2018, confirmed that the amended motion for summary judgment was set for submission on April 23, 2018.

On May 18, 2018, the trial court issued orders denying Kennedy's motion for continuance of the summary-judgment proceeding, for leave to file a late summary-judgment response, and his motion to compel and for discovery sanctions, and it granted DISA's amended motion for summary judgment.

In his motion for new trial, Kennedy claimed confusion over the summary-judgment motion's submission date. Kennedy alternatively contended that the trial court erroneously ruled before the May 31st oral hearing date and before his response was due, claiming that he relied on the May 31st oral hearing date because the trial court's online calendar included that setting but not the April 23rd submission date. The trial court denied Kennedy's motion for new trial and his motion for rehearing.

5

**DISCUSSION**

Kennedy claims that the trial court erred in denying his motion for new trial on the grounds that he did not receive proper notice of the summary-judgment submission date and, alternatively, because it ruled on DISA's motion before his response was due. He further contends that summary judgment is improper because DISA's motion failed to address the claims and allegations added in his third amended petition.

## I. Notice of the Summary-Judgment Motion's Submission

Kennedy challenges the timing of the trial court's summary-judgment ruling, contending that he did not receive notice that would allow him to calculate the deadline for filing a timely response. The notice provisions associated with summary-judgment procedure under Rule 166a are strictly construed. *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 584 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Notice of hearing for submission of a summary-judgment motion is mandatory and essential to due process. *See* TEX. R. CIV. P. 166a(c); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *Ready*, 467 S.W.3d at 584. Thus, failure to provide notice of the submission date for a summary-judgment motion constitutes error. *Ready*, 467 S.W.3d at 585.

Rule 166a sets a strict filing schedule for the summary-judgment motion and response, one that cannot be changed without the trial court's permission. *See* TEX.

R. Civ. P. 166a(c). The summary-judgment movant, "with notice to opposing counsel," must file and serve the motion and any supporting affidavits "at least twenty-one days before the time specified for hearing." *Id.* The nonmovant must file and serve its written response and opposing affidavits "not later than seven days prior to the day of hearing." *Id.*

Although Rule 166a(c) uses the hearing date as the fixed point for calculating these filing deadlines, it does not make an oral hearing essential. *Martin*, 989 S.W.2d at 359. The Texas Supreme Court explained that the rule requires notice of hearing or submission because "[t]he hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due." *Id.*; *see also Ready*, 467 S.W.3d at 585 (observing that by hinging the deadline to file a response on the submission date, the rule "[r]eflect[s] the reality that the submission of a summary-judgment motion is often continued to allow further discovery to facilitate a response"). Contrary to Kennedy's contention, then, the submission date is not a deadline for the court to rule; it is notice to the nonmovant of the deadline for filing a summary-judgment response. *See Martin*, 989 S.W.2d at 359; *Goode v. Avis Rent-a-Car*, 832 S.W.2d 202, 204 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("[T]he primary purpose of the notice required by rule 166a(c) is to allow the nonmovant to calculate the date by which he must file a written response or opposing affidavits.").

Kennedy further claims that he was entitled to rely exclusively on the court's online calendar—which continued to show the May 31st oral hearing setting but did not show the April 23rd submission date—as the basis for calculating the deadline to file his response.[1] The rules of civil procedure, however, hold the movant responsible for serving the other parties with notice of hearing and submission dates—not the trial court. *See* TEX. R. CIV. P. 21(b), 166a(c). If Kennedy decided to ignore DISA's notice, he did so at his own peril.

The parties' email exchange with the trial court unequivocally shows that DISA chose the April 23rd submission date and waived the later oral hearing setting. That submission date complies with the April 25, 2018 dispositive-motion deadline agreed to by the parties and incorporated into the governing docket-control order; the oral hearing date does not. And, because DISA chose to retain the same submission date contained in its original notice of submission, DISA was not required to serve an amended notice of submission.

The record shows that Kennedy received proper notice of the summary-judgment motion's April 23rd submission date, and the trial court ruled on the motion after that date. We therefore hold that the trial court did not err in ruling on the motion when it did.

---

[1]    Kennedy does not address whether the trial court's online calendar included submission settings, which do not require the judge to be in the courtroom at a specific time, or only oral hearing settings, which do.

8

## II. Challenge to the Merits of the Summary-Judgment Ruling

Finally, Kennedy claims that DISA's motion for summary judgment does not support the judgment because it does not address the breach of fiduciary duty claim that Kennedy first included in his third amended petition, filed on April 17, 2018. DISA's hybrid motion for summary judgment expressly challenges each of the causes of action asserted in Kennedy's second amended petition on no-evidence grounds. A trial court must grant a no-evidence motion for summary judgment if the movant identifies one or more elements of a claim or defense for which the nonmovant would have the burden of proof at trial and the nonmovant produces no admissible evidence raising a genuine issue of material fact as to each challenged element. *See* TEX. R. CIV. P. 166a(i); *Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Because Kennedy filed no response to DISA's summary-judgment motion, the no-evidence grounds are dispositive of his challenge.

Kennedy's contention wrongly assumes that he timely filed his third amended petition, even though he moved for leave to file it out of time. A plaintiff timely files an amended pleading if he does so seven days before trial. TEX. R. CIV. P. 63; *see also Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (per curiam) (under rule 63, leave not required for plaintiff to amend if amended petition filed "seven days or more before the date of trial" (internal quotation marks omitted)). For

9

purposes of rule 63, "[a] summary judgment proceeding is a trial." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988); *see Wheeler v. Yettie Kersting Mem'l Hosp.*, 761 S.W.2d 785, 787 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

Kennedy had until April 16, 2017 to timely file the amended pleading, but he did not file it until the next day. An appellate court presumes that the trial court granted leave to file an amended pleading when its order states that all pleadings were considered, the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise. *See Goswami*, 751 S.W.2d at 490; *see also Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996).

The record contains no ruling on Kennedy's motion for leave. The trial court's summary-judgment order states that it "considered the motion, all responses, and arguments of counsel," but it does not mention pleadings. Accordingly, we cannot presume that the trial court granted Kennedy leave to file his third amended petition. *See Markovsky v. Kirby Tower, L.P.*, No. 01-13-00516-CV, 2015 WL 8942528, at *5 (Tex. App.—Houston [1st Dist.] Dec. 15, 2015, no pet.) (mem. op.) (declaring that the summary-judgment order must affirmatively state or show that the trial court considered the late-filed pleading "to support a presumption that leave to file the

answer was granted"). Because DISA's motion addressed Kennedy's live pleadings,

we hold that the trial court did not err in granting summary judgment.

## CONCLUSION

We affirm the trial court's judgment.


Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.