**Opinion issued November 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00854-CV

_____

**CLARENT ENERGY SERVICES INC. AND GRAHAM GILLIAM,**
**Appellants**

**V.**

**ICON BANK OF TEXAS, N.A., Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-55615**

---

## MEMORANDUM OPINION

Appellants Clarent Energy Services Inc. and Graham Gilliam appeal the trial court's grant of summary judgment in favor of appellee Icon Bank of Texas, N.A., on its claims for payment under two promissory notes.

In three issues, Clarent and Gilliam contend that the trial court erred by granting summary judgment because (1) they did not receive service of the motion and submission notice 21 days in advance of the hearing, (2) Clarent sought a continuance when Icon Bank filed an "improper" submission notice one day before the hearing, and (3) the summary judgment motion relied on disputed material facts.

We reverse and remand.

## Background

Clarent executed two promissory notes, promising to repay Icon Bank for a loan it used to buy four "BBL PCI Acid Tanks." Gilliam personally guaranteed Clarent's repayment of the notes. Clarent and Gilliam allegedly failed to repay $51,565.76 under the first note, resulting in roughly $2,000.00 in additional accrued interest and late charges when Icon Bank filed this suit. Clarent and Gilliam also allegedly failed to repay $52,058.88 under the second note, accruing another $2,000.00 in unpaid interest and late charges.

Icon Bank moved for summary judgment on its claims under the two notes. The certificate of service, signed by Icon Bank's attorney of record, asserted that the motion was sent to Clarent and Gilliam on July 5, 2018, at "the email set forth in their answer." Icon Bank maintains that it served a notice of oral hearing on the motion on July 5, setting the hearing for July 30, which included certificate of

2

service showing that it was served by email. Icon Bank contends that the motion and notice were served by an email from its attorney's assistant.

On July 23, Gilliam contacted the assistant to determine whether an email he received from her email address on July 9 was intentional or spam. That same day, Clarent and Gilliam discovered for the first time that Icon Bank had filed the summary-judgment motion and set it for oral hearing. Clarent and Gilliam filed a motion for continuance, asserting that they did not receive service of the motion and notice of hearing.

On July 27, Icon Bank filed an amended notice of submission, which indicated that the summary-judgment motion would be submitted without an oral hearing on July 31. This notice included a certificate of service, signed by Icon Bank's attorney of record, asserting that he served the notice by email on July 27.

On July 30, Clarent and Gilliam responded to the summary-judgment motion and filed an affidavit made by Gilliam. In it, he averred: "I confirm and attest that the improper notice and failed eservice delivery by Plaintiff's Motion for Summary Judgment occurred."

The trial court granted Icon Bank's motion and awarded damages and attorneys' fees. Clarent and Gilliam appealed.

**Service of Motion for Summary Judgment and Notice of Hearing**

In their first issue, Clarent and Gilliam contend that the trial court erred by granting Icon Bank summary judgment because the motion and notice of hearing were not served 21 days in advance.

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

"Notice of hearing for submission of a summary-judgment motion is mandatory and essential to due process." *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 584 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The summary-judgment movant must serve the motion along with any supporting affidavits on the opposing party at least 21 days before the time specified for hearing. *see* TEX. R. CIV. P. 166a(c). "Because summary judgment is such a harsh remedy, the notice provisions of Rule 166a(c) must be strictly construed." *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *5 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.); *Chadderdon v. Blaschke*, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "A nonmovant who complains of less than twenty-one days' notice of a summary judgment hearing but admits to knowing of the hearing date before it occurs waives its defense of insufficient

notice if he fails to bring the defect to the trial court's attention at or before the erroneously scheduled hearing or submission date." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *4 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.). "A non-movant may preserve a complaint of untimely notice through a motion for continuance or in its response to the summary judgment motion." *Viesca*, 2014 WL 4260355, at *6. "To preserve error for a complaint regarding late notice of a summary judgment hearing, a nonmovant who receives notice that is untimely but sufficient to enable the nonmovant to attend the hearing must move for continuance or raise the late-notice complaint in writing." *Big H Constr., Inc. v. Hensley*, No. 01-10-00379-CV, 2011 WL 1233594, at *2 & n.1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.); *see Viesca*, 2014 WL 4260355, at *6. The nonmovant's evidence may rebut the presumption of proper notice and receipt under Rule of Civil Procedure 21a. *See Chavez v. Chavez*, No. 01-13-00727-CV, 2014 WL 5343231, at *3 (Tex. App.—Houston [1st Dist.] Oct. 1, 2014, no pet.) (mem. op.) (citing TEX. R. CIV. P. 21a).

Icon Bank's motion for summary judgment included a certificate of service, signed by its attorney of record, asserting that the attorney sent the motion to Clarent and Gilliam on July 5, 2018, at "the email set forth in their answer." Icon Bank's initial Notice of Oral Hearing also included a certificate of service, signed by Icon Bank's attorney of record, asserting that he served it by email on July 5,

2018. The amended submission notice, which set the date for hearing by submission on July 31, included a certificate of service, signed by Icon Bank's attorney of record, asserting that he served the notice by email on July 27, 2018. These certificates of service are prima facie evidence of service by email. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (certificate of service is prima facie proof of service, which can be rebutted by proof of nonreceipt); Tex. R. Civ. P. 21a(a)(2) (service by email).

In response, Clarent and Gilliam presented written objections and evidence that they did not receive any email service of the motion or notices. Instead, they only learned of the motion and hearing date on July 23—eight days before the July 31 hearing-by-submission date. In his affidavit filed with the trial court, Gilliam averred, "I confirm and attest that the improper notice and failed eservice delivery by Plaintiff's Motion for Summary Judgment occurred." In the motion for continuance, Clarent and Gilliam objected to insufficient notice of the hearing: "Plaintiff [e]mails were not timely delivered or filtered as junk mail." Clarent and Gilliam represent that they filed the motion for continuance the same day they learned of the motion and hearing date, July 23. They also presented evidence that the assistant's email address—the one from which the email services were purportedly sent—was compromised and sent Gilliam spam email that the assistant did not intend to send. Viewed in the light most favorable to Clarent and Gilliam,

6

their evidence and written objections support an rational inference that, because of a malfunction with the assistant's email account, they received no more than eight days' notice of the July 31 hearing. *See Chavez*, 2014 WL 5343231, at *3; *Viesca*, 2014 WL 4260355, at *6; *Big H Constr.*, 2011 WL 1233594, at *2 & n.1. Eight days' notice is insufficient. *See* TEX. R. CIV. P. 166a(c).

Icon Bank responds with three arguments, but none are persuasive. First, it argues that we must disregard Clarent and Gilliam's summary-judgment response because it was filed less than seven days before the July 31 hearing-by-submission date. Our analysis does not rely on the content of the summary-judgment response. Although Gilliam's affidavit was filed less than seven days before the hearing, they were only required to file it at or before the hearing. *See Schied*, 2016 WL 3751619, at *4; *Hatler v. Moore Wallace N. Am., Inc.*, No. 01-07-00181-CV, 2010 WL 375807, at *2 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.); *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no pet.). They did so.

Second, Icon Bank argues that Clarent and Gilliam's evidence of receipt of the spam email suggests that the assistant's email was working properly on July 5, when the certificates of service indicate that the motion and notices of hearing were served. Viewing the record in the light most favorable to them, Clarent and Gilliam presented evidence and a written objection asserting that July 23 was the

earliest they received notice of the motion and hearing. Gilliam averred: "I confirm and attest that the improper notice and failed eservice delivery by Plaintiff's Motion for Summary Judgment occurred." The motion for continuance includes a similar assertion: "Plaintiff [e]mails were not timely delivered or filtered as junk mail." Viewed in the light most favorable to the nonmovants, their evidence demonstrates that Clarent and Gilliam discovered the motion and notices no earlier than July 23 and without any service by Icon Bank.

Third, Icon Bank argues that we must disregard the motion for continuance because the trial court never ruled on it, it was unsworn, and it lacked an affidavit. No ruling on the motion for continuance was required: a party preserves a complaint that he received inadequate notice by filing an affidavit or a written objection. *See Big H Constr.*, 2011 WL 1233594, at *2 & n.1; *Hatler*, 2010 WL 375807, at *2. The motion for continuance was a written objection.

For these reasons, we sustain Clarent and Gilliam's first issue. Because neither of their remaining issues would afford greater relief than a reversal and remand, we do not need to address them. *See* Tex. R. App. P. 47.1; *Big H Constr.*, 2011 WL 1233594, at *2.

## Conclusion

We reverse the trial court's summary judgment and remand the case to the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.