**Opinion issued July 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00258-CV

———————————

**CHRISTINA SCHULTZ, Appellant**

**V.**

**FARMERS TEXAS COUNTY INSURANCE COMPANY, Appellee**

———————————

**On Appeal from the 13th District Court**
**Navarro County, Texas**
**Trial Court Case No. D21-29663-CV**

———————————

## MEMORANDUM OPINION

Appellant Christina Schultz appeals from the trial court's grant of summary judgment in favor of appellee Farmers Texas County Insurance Company (Farmers). In a single issue, Schultz contends that the trial court provided insufficient notice of

the hearing on Farmer's summary judgment motion in violation of Texas Rule of Civil Procedure 166a(c). We affirm.

## Background

Farmers insured Schultz's vehicle under an automobile insurance policy. After Schultz's vehicle was stolen, she filed a claim with Farmers, seeking benefits under her policy. When Farmers failed to pay her claim, Schultz filed suit alleging breach of contract, violations of the Texas Insurance Code, bad faith, and deceptive trade practices. Farmers filed an answer to Schultz's lawsuit, asserting a general denial and various affirmative defenses. Later, Farmers filed special exceptions and an amended answer. After the trial court granted Farmers special exceptions, Schultz filed her first amended petition.

The trial court signed an Agreed Docket Control Order on March 31, 2022. Among other deadlines, the order imposed a dispositive motion deadline of September 23, 2022.

Farmers filed a motion for no-evidence summary judgment on January 19, 2023. Because the dispositive motion deadline had passed, Farmers included a motion for enlargement of time or motion for leave to file dispositive motion with its summary judgment motion.[1] By order of January 25, 2023, the trial court set the

---

[1] The motion for enlargement of time claimed that the dispositive motion deadline could not be met because Schultz had failed to comply with the trial court's order granting Farmers's motion to compel Schultz's responses to Farmers's second

2

summary judgment for an in-person, oral hearing on February 22, 2023. A second order signed later that same day set the motion for enlargement of time for an in-person, oral hearing on February 1, 2023. Subsequently, on February 3, 2023, the trial court signed an order resetting the hearing on the motion for enlargement of time to February 22, 2023—the same day as the previously scheduled summary judgment hearing.[2] Schultz did not file a response to either the summary judgment motion or the motion for enlargement of time.

Following the February 22, 2023 hearings, the trial court signed orders granting Farmers's no-evidence summary judgment motion and motion for enlargement of time on February 23, 2023.[3] This appeal followed.

## Discussion

### A.    Standard of Review and Applicable Law

Rule 166a(c) of the Texas Rules of Civil Procedure sets the notice requirement for a summary judgment motion, providing that: "Except on leave of court, with

---

request for production. The trial court signed the order granting the motion to compel on September 22, 2022—the day before the dispositive motion deadline— and ordered Schultz to comply no later than October 3, 2022. At the time of the motion for enlargement of time, Schultz had not yet complied with the trial court's order.

[2]    The record contains a transcript from the hearing on the motion for enlargement of time but indicates that the parties elected not to conduct the summary judgment hearing on the record.

[3]    The orders were filed on February 24, 2023. Schultz's appeal does not challenge the grant of summary judgment on the merits.

3

notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). Though the rule does not specify when a summary judgment movant must provide notice to the nonmovant of the hearing date, Texas courts have consistently held that the twenty-one-day requirement also applies to the notice of hearing on the motion. *See Barrientos v. Barrientos*, 675 S.W.3d 399, 407 (Tex. App.—Eastland 2023, pet. denied) (collecting cases); *see also Goode v. Avis Rent-A-Car, Inc.*, 832 S.W.2d 202, 204 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("Avis was required to give notice of the hearing date for its motion for summary judgment at least 21 days before the hearing.") (citing TEX. R. CIV. P. 166a(c)).

This court has held that the notice provisions set out in rule 166a "are strictly construed." *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 584 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The rule is designed to ensure that the nonmovant has some minimum notice of the summary judgment hearing. *Id.* (citing *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994)).

On appeal, Schultz does not challenge the trial court's grant of Farmers's motion for enlargement of time but, rather, contends that she was provided insufficient notice of the hearing on Farmer's summary judgment motion, an issue

4

we review de novo. *See id.* (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)).

## B.     Preservation of Error

In response to Schultz's arguments, Farmers first contends that Schultz failed to preserve any error for our review because she did not bring the purportedly insufficient notice to the trial court's attention. Farmers points out that Schultz (1) filed no objection to Farmers's proposed hearing date (initially, February 8, 2023); (2) did not object to the hearing date set by the trial court; (3) did not file a response to either the motion for summary judgment or motion for enlargement of time, or request a continuance; and (4) following the hearing, did not file a motion to reconsider, motion for new trial, or any other post-trial motion. *See* TEX. R. APP. P. 33.1; *Negrini v. Beale*, 822 S.W.2d 822, 823–24 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (holding that appellants waived any objection to improper or untimely notice of summary judgment hearing where they appeared at hearing, filed no response to summary judgment motion, failed to file motion for continuance or any other motion seeking additional time to respond to motion, and did not raise complaint before, during, or after summary judgment hearing); *see also Clarent Energy Servs. Inc. v. Icon Bank of Tex., N.A.*, No. 01-18-00854-CV, 2019 WL 5792190, at *6 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.) ("To preserve error for a complaint regarding late notice of a summary judgment

5

hearing, a nonmovant who receives notice that is untimely but sufficient to enable the nonmovant to attend the hearing must move for continuance or raise the late-notice complaint in writing.") (quoting *Big H. Constr., Inc. v. Hensley*, No. 01-10-00379-CV, 2011 WL 1233595, at *2 & n.1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.)). Assuming without deciding that Schultz preserved her issue for our review, we nevertheless affirm the trial court's order.

## C.     Sufficient Notice of Summary Judgment Hearing

Farmers filed its summary judgment motion on January 19, 2023—thirty-four days before the February 22, 2023 hearing. Likewise, the trial court's order setting the summary judgment hearing gave twenty-eight days' notice. On appeal, Schultz contends that the trial court's grant of Farmers's motion for enlargement of time to file summary judgment on February 23, 2023 "did not allow [Schultz] sufficient notice to respond to [Farmers's] motion for summary judgment" and that the twenty-one-day notice should run from the date the trial court granted leave—February 23, 2023.

In support of her argument, Schultz relies on *Lesikar v. Moon*, 237 S.W.3d 361 (Tex. App.—Houston [14th Dist.] 2007, pet. denied), a case from the Fourteenth Court of Appeals that she contends addressed a "similar issue." In that case, the summary judgment movant filed his motion ten days before the trial setting, on the date of the dispositive motion deadline. *Id.* at 368–69. He did not request leave to

file the motion, and the record did not indicate the trial court had granted such leave. *Id.* at 369. Because the trial court would not have been able to conduct a hearing on the summary judgment motion with the requisite twenty-one days' notice, the court of appeals held that the summary judgment motion was not timely filed. *Id.*

Schultz quotes the following from *Lesikar* to support her position: "[H]ad the trial court granted [the movant] leave to file his motion for interlocutory summary judgment so close to the date of the preferential trial setting, [the nonmovant] would have been entitled to a period of time in which to file a response to [the movant's] motion." *Id.* Schultz analogizes that the trial court's grant of Farmers's motion for leave just four days before the February 27, 2023 trial setting in her case means that she did not have sufficient time to respond to the summary judgment motion before trial.

Schultz's arguments ignore several important distinctions between the present case and *Lesikar*. In *Lesikar*, critically, the motion for summary judgment was filed just ten days before trial, and there was no notice of any summary judgment hearing—the trial court did not rule on the motion. *Id.* at 368. Here, both the filing of the motion for summary judgment and the court's notice of the hearing on the summary judgment motion provided more than twenty-one days' notice, in compliance with Rule 166a(c). Schultz essentially asks us to ignore the trial court's notice of hearing on the motion for summary judgment and look only to the trial

court's February 23, 2023 order granting the motion for enlargement of time. Schultz offers no explanation why she could not, and did not, file a response to the summary judgment in advance of the February 22, 2023 hearing. She cites no other authority to support her argument that "the notice requirements do not apply until the trial court grants leave to file said motion." In light of the timely notice of the hearing on the summary judgment motion, we reject Schultz's arguments, and we overrule her sole issue.

## Conclusion

We affirm the trial court's grant of summary judgment.

Amparo Monique Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.